IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC ANTHONY THOMAS

Plaintiffs,

v.

GENESEE COUNTY SHERIFF'S
DEPARTMENT,

and

SHERIFF CHRIS SWANSON,
in his individual and official capacity,

and

UNDERSHERIFF MICHAEL TOCARCHICK,
in his individual and official capacity,

Defendants.

Case: 2:25-cv-10524
Assigned To : DeClercq, Susan K.
Referral Judge: Patti, Anthony P.
Assign. Date : 2/24/2025
Description: CMP ISAAC THOMAS V GENESEE COUNTY SHERIFF ET AL (SS)

CIVIL COMPLAINT
FOR VIOLATION OF CIVIL RIGHTS,
NEGLIGENCE, INTENTIONAL
INFLICTION OF EMOTIONAL
DISTRESS, AND/OR NEGLIGENT
INFLICTION OF EMOTIONAL

Assigned to Judge _____

I.   INTRODUCTION

1.   Plaintiff Isaac Thomas brings this action under 42 U.S.C. § 1983 and pendent State actions under Michigan state law to seek justice for the Genesee County Sheriff's Department's refusal to investigate his rape report and their deliberate efforts to obstruct justice related to abuse at Whaley Children's Center, a residential foster care facility.

2.   On May 11, 2022, Plaintiff reported a sexual assault to the Genesee County Sheriff's Department.

1

3. Despite an initial interview with a detective, the department later refused to assign a case number, refused to investigate, and threatened Plaintiff for seeking justice.

4. Plaintiff recorded Undersheriff Michael Tocarchick stating that he would not open an investigation, calling Plaintiff "annoying" and warning that Plaintiff would "get in trouble" for continuing to report the abuse.

5. Plaintiff later spoke directly with Sheriff Chris Swanson, who refused to accept Plaintiff's report or investigate Whaley Children's Center, confirming that his undersheriff "acted appropriately."

6. Defendants' actions constitute a violation of Plaintiff's constitutional rights, including denial of due process, obstruction of justice, and gross negligence.

## II. JURISDICTION AND VENUE

7. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), as Plaintiff brings claims under 42 U.S.C. § 1983. 7.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

9. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in Genesee County, Michigan, which is within the Eastern District of Michigan.

## III. PARTIES

10. Plaintiff Isaac Thomas is an adult residing in Michigan and a survivor of childhood sexual abuse while in foster care at Whaley Children's Center.

11. Defendant Genesee County Sheriff's Department is a law enforcement agency responsible for investigating crimes in Genesee County, Michigan.

12. Defendant Sheriff Chris Swanson, acting under color of law, refused to

2

investigate Plaintiff's report or take action against Whaley Children's Center.

13. Defendant Undersheriff Michael Tocarchick, acting under color of law, dismissed Plaintiff's report, refused to assign a case number, and threatened Plaintiff for attempting to report his rape.

## IV. ALLEGATIONS OF FACTS COMMON TO ALL COUNTS

14. Plaintiff was sexually assaulted as a child while in foster care at Whaley Children's Center in Michigan.

15. On May 11, 2022, Plaintiff reported the rape to the Genesee County Sheriff's Department and was initially interviewed by a detective.

16. Upon returning to request a case number, Plaintiff was confronted by Undersheriff Michael Tocarchick, who:

- Stated that Plaintiff was "being annoying" for trying to report the crime.
- Refused to open a case, stating the department "doesn't believe anything is happening" at Whaley Children's Center.
- Threatened Plaintiff, stating that he would "get in trouble" if he continued seeking justice.

17. Plaintiff later spoke with Sheriff Chris Swanson, who:

- Refused to accept the recording as evidence.
- Confirmed he would not investigate Whaley Children's Center.
- Defended Tocarchick's conduct, claiming it was appropriate.

18. At least 36 other children have reported similar abuse at Whaley Children's Center.

19. Plaintiff alleges on information and belief that the Defendants were motivated in part by personal, that is unofficial or reputational, connections and/or interests to cover up

3

for the Whaley Children's Center on the basis of factors that are not a part of an official governmental decision.

20. Defendants' actions obstructed justice, retraumatized Plaintiff, and denied him access to legal recourse.

## V. JURISDICTION AND VENUE

21. This action arises under the Constitution and laws of the United States.

22. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction).

23. This Court has jurisdiction pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. Declaratory relief is authorized pursuant to 28 U.S.C. § 2201 and 2202.

24. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. § 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Honorable Court.

25. Venue is proper under 28 U.S.C. § 1391(b) because all events giving rise to Plaintiffs' claims occurred in the State of Michigan.

26. Venue is proper under 28 U.S.C. § 1391(b) because all events giving rise to Plaintiffs' claims occurred in the State of Michigan.

## VI. GOVERNING LAW

## VII. CAUSES OF ACTION

**COUNT I**
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983) – FAILURE TO INVESTIGATE

27. 42 U.S.C. § 1983 provides in pertinent part that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

28. Plaintiff had a constitutional right under the Fourteenth Amendment to due process and equal protection under the law.

29. Defendants arbitrarily and capriciously denied the rights to Plaintiff available to all other citizens on such discriminatory grounds as they didn't like the Plaintiff, and on information and belief other similar improper and unofficial reasons such as liking Whaley Children's Center.

30. Defendants failed to investigate a violent crime, effectively denying Plaintiff access to justice.

31. The Defendants were at all times relevant to this Complaint acting on duty within the terms of their employment and assignment, and not on a "frolic" or detour from their employment and assigned duties, but abusing their positions and offices in violation of the Plaintiffs' rights. That is, under the color of state law.

32. The Defendants acted in concert.

33. This deliberate refusal to act constitutes a violation of Plaintiff's civil rights under 42 U.S.C. § 1983.

34. The violations of Plaintiffs' liberty interest and freedom from bodily injury by the Defendants are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

5

## COUNT II

35. Defendants Tocarchick and Swanson conspired to obstruct justice by refusing to investigate sexual abuse at Whaley Children's Center.

36. These Defendants conspired together to knowingly and intentionally deprive the Plaintiffs and other victims similarly situated of their constitutional and civil rights to life, liberty, and property in violation of 42 U.S.C. § 1985.

37. Defendants knowingly and purposefully agreed to perform the acts complained of herein with the knowledge, and for the purpose.

38. Their actions protected a facility known for systemic abuse, causing direct harm to Plaintiff.

## COUNT III
### *Civil Action for Deprivation of Rights*
### *Against All Named Defendants*

39. Plaintiff repeats and re-alleges all of the previous allegations of the entirety of this Complaint, including in other causes of action, and incorporate them herein in support of this count with the same force and affect, as if fully set forth herein again at length.

40. 42 U.S.C. § 1983 provides in pertinent part that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

41. Plaintiffs in this action are citizens of the United States and Defendants are agencies of the U.S. Government as well as unknown federal, state, and county agents to be named during discovery are persons for purposes of 42 U.S.C. § 1983.

42. The actions complained of by the Defendants were violations of the Plaintiffs' constitutional rights or otherwise unconstitutional.

43. By reason of the wrongful conduct of the Defendants, each and every one of them, jointly and severally, Plaintiff has suffered harm in the form of having his First Amendment rights violated, his business and property rights have been violated, and his and his freedom of speech and association have been severely comprised, guaranteed to Plaintiff under the U.S. Constitution.

## COUNT IV
### *Bivens – Deprivation of Due Process Rights*

44. Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint, including in other causes of action, and incorporate them herein in support of this count with the same force and affect, as if fully set forth herein again at length.

45. The violations described above are compensable under *Bivens v. VI Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

46. The Defendants in their individual capacity were acting as federal officials or agents under the color of law as federal actors.

47. Although acting outside of the law, they purported to be acting on behalf of the U.S. government.

48. The actions complained of by the Defendants were violations of the Plaintiffs' constitutional rights or otherwise unconstitutional.

49. By reason of the wrongful conduct of the Defendants, each and every one of them, jointly and severally, Plaintiff has suffered harm in the form of having his First Amendment rights violated, his business and property rights have been violated, and his and his

freedom of speech and association have been severely comprised, guaranteed to Plaintiff under the U.S. Constitution.

## COUNT V
### NEGLECT TO PREVENT CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1986)

50. Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint, including in other causes of action, and incorporate them herein in support of this count with the same force and affect, as if fully set forth herein again at length.

51. Sheriff Swanson had knowledge that his undersheriff refused to investigate sexual abuse but failed to act.

52. Swanson's failure to intervene enabled Tocarchick's constitutional violations.

## COUNT VI
### VIOLATION OF MICHIGAN CRIME VICTIMS' RIGHTS ACT (MCL 780.752)

53. Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint, including in other causes of action, and incorporate them herein in support of this count with the same force and affect, as if fully set forth herein again at length.

54. Michigan law requires law enforcement to treat crime victims with fairness, dignity, and respect.

55. Defendants mocked, dismissed, and threatened Plaintiff, violating these statutory rights.

## COUNT VIII
### OBSTRUCTION OF JUSTICE (MCL 750.505)

56. Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint, including in other causes of action, and incorporate them herein in support of this count with the same force and affect, as if fully set forth herein again at length.

57. Defendants knowingly obstructed a legitimate criminal investigation.

58. Their actions prevented a proper investigation into Whaley Children's Center, harming Plaintiff and others.

## COUNT IX
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

59. Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint, including in other causes of action, and incorporate them herein in support of this count with the same force and affect, as if fully set forth herein again at length.

60. To establish a prima facie claim of intentional infliction of emotional distress, the plaintiff must present evidence of (1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff.

61. Liability for intentional infliction of emotional distress includes conduct complained of that is outrageous and goes go beyond all possible bounds of decency.

62. Defendants' conduct was extreme, outrageous, and beyond the bounds of human decency.

63. As a proximate result of Defendants' actions, Plaintiffs have suffered severe emotional distress including but not limited to highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. For example, Defendants hostility and retaliation towards Plaintiffs caused economic injury, mental anguish, humiliation and embarrassment, as well as other emotional injuries.

64. As a direct result, Plaintiff suffered severe emotional distress and trauma.

## COUNT X
### NEGLECT INFLICTION OF EMOTIONAL DISTRESS

65. Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this

Complaint, including in other causes of action, and incorporate them herein in support of this count with the same force and affect, as if fully set forth herein again at length.

66. Defendants acted negligently and with "reckless and/or wanton disregard of the interests of Plaintiffs" with respect to the conduct set forth in this Complaint.

67. As a proximate result of Defendants' conduct, Plaintiffs have suffered serious and/or severe emotional distress.

68. The harm caused by Defendants was a reasonably foreseeable consequence of the Defendants conduct.

69. The Defendants through their actions and inactions negligently subjected the Plaintiffs to emotional distress.

70. If the allegations as proven rise only to the level of negligence rather than intention, Plaintiffs claim relief under Negligence Infliction of Emotional Distress.

## COUNT XI
## NEGLIGENCE

71. Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint, including in other causes of action, and incorporate them herein in support of this count with the same force and affect, as if fully set forth herein again at length.

72. Defendants acted negligently and with "reckless and/or wanton disregard of the interests of Plaintiffs" with respect to the conduct set forth in this Complaint.

73. Negligence is the failure to use ordinary care.  Ordinary care is the care a reasonable person would have used under the circumstances of this case. Wintergreen Partners, Inc. v. McGuirewoods, LLP, 280 Va. 374, 698 S.E.2d 913 (Va. 2010)

74. Here, the Defendants acts and omissions alleged in detailed above, incorporated by reference herein, have proximately caused damage to the Plaintiff's land, financial harm and

10

business disruption to the Plaintiff.

75. The Defendants by their negligence (if not intentional torts) have caused injury to the Plaintiff, the financial harm alleged therein and also the disruption and harm to the Plaintiff as alleged herein.

76. As a result, the Plaintiff has been harmed by the negligent acts and omissions of the Defendants.

## COUNT XII
### NEGLIGENT HIRING, TRAINING, AND SUPERVISION

77. Plaintiffs repeat and re-allege all of the previous allegations of the entirety of this Complaint, including in other causes of action, and incorporate them herein in support of this count with the same force and affect, as if fully set forth herein again at length.

78. Defendants acted negligently and with "reckless and/or wanton disregard of the interests of Plaintiffs" with respect to the conduct set forth in this Complaint.

79. Defendants had a duty to the Plaintiff in that receiving complaints of criminal violations against victims and investigating them and taking further action to enforce the law and prosecute violations of the law is the primary job of the Sheriff's office. These are essentially the only duties and job of the Sheriff's office with perhaps minor other duties like serving service of process.

80. Plaintiff was within the scope and class of persons to whom the Defendants owe these duties.

81. The Defendants breached their duty by refusing on only discriminatory, frivolous, and unofficial reasons to receive Plaintiff's complaint or investigate allegations of criminal violations.

82. On information and belief, in the alternative to intentional conduct, the Sheriff's department failed to train and select staff to understand and appreciate the nature of their responsibilities to investigate claims of crimes against complainants without favoritism or personal motives.

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment against each of the Defendants, jointly and severally, including an injunction, costs of suit, and attorneys' fees for attorneys expected to be engage, and against non-insitutional defendants, general damages, special damages, and punitive damages, and any other further relief the Court deems just and proper, for the illegal, unconstitutional and intentional and malicious acts of the Defendants.

Dated: February 24, 2025               Respectfully submitted,

*/s/ Fred P. Thomas/*

226 E. Lorado Avenue
Flint Michigan 48505
(810) 493-4083
Morelife819@gmail.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | PROPERTY RIGHTS | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY | LABOR | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 370 Other Fraud | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 371 Truth in Lending | 720 Labor/Management Relations | SOCIAL SECURITY | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | [X] 440 Other Civil Rights / Habeas Corpus: | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / Other: 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | / 555 Prison Condition | | | |
| | / 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 25,000.00 or more
- CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD *Ben A. Thorpe*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed? ☐ Yes ☐ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☐ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes: _____