UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISAAC ANTHONY THOMAS,

        Plaintiff,

v.

Case No. 25-10524-SKD-APP

District Judge Susan K. DeClercq
Magistrate Judge Anthony P. Patti

GENESEE COUNTY SHERIFF'S
DEPARTMENT ET AL,

        Defendants.

_____/

### OMNIBUS ORDER ADDRESSING VARIOUS MOTIONS (ECF Nos. 4 & 5), STRIKING PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER (ECF No. 21) AND PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 22), AND GRANTING LEAVE TO FURTHER AMEND

Plaintiff Isaac Anthony Thomas, proceeding *in forma pauperis*, filed this action on February 24, 2025. (ECF No. 1.) Judge Susan K. DeClercq referred the matter to me on April 4, 2025 "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 17.) After reviewing the docket, the Court now issues the following rulings to resolve all pending motions.

    **I.**    **Reply to Answer (ECF No. 21)**

Plaintiff has filed a "Reply to Answer to Complaint." (ECF No. 21.) Plaintiff's filing is improper under the Federal Rules of Civil

Procedure.  Under Fed. R. Civ. P. 7(a)(7), a party may file a reply to an answer only when the Court orders one.  The Court ordered no such pleading in this case.  Nor did Plaintiff seek leave from the Court prior to filing.  Accordingly, Plaintiff's unauthorized reply to Defendants' answer (ECF No. 21) is **STRICKEN**.

**II.     Notice of Incorporation (ECF No. 22)**

Additionally, Plaintiff has filed a "Notice of Incorporation by Reference of Original Complaint," in which he "incorporates by reference his Original Complaint filed on February 24th 2025, pursuant to Federal Rule of Civil Procedure 10(c)."  (ECF No. 22, PageID.92.)  This is likewise improper, at least with respect to amended pleadings, as Local Rule 15.1 states that, "Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." E.D. Mich. LR 15.1.  As the Court of Appeals has explained, "[g]enerally, amended pleadings supersede original pleadings." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014) (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed.2010)).  Thus, when a plaintiff "file[s] an amendment to his original complaint after it has been served, any such amended complaint should be drafted to replace the one originally filed[.]" *Perry v. Comm'r of Soc. Sec.*, No. 17-12718, 2017 U.S. Dist. LEXIS 140287, *3 (E.D. Mich. Aug. 31,

2017).  Accordingly, the operative pleading in this case is Plaintiff's Amended Complaint (ECF No. 13) and ECF No. 22 is **HEREBY STRICKEN**.  <u>Plaintiff is cautioned that all parties, including those proceeding without the assistance of counsel, must comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan</u>.  However, having reviewed Plaintiff's original and amended pleadings, and considering that service and/or appearances of all defendants is yet to be completed, the Court, *sua sponte*, **HEREBY GRANTS** Plaintiff leave to file a second amended complaint on or before **May 5, 2025**, to include or combine whatever allegations he thought necessary to incorporate by reference into a single pleading, all to be contained within the four corners of a single document.

### III.    Requests Regarding Counsel and Recording (ECF No. 4)

Plaintiff has also filed a motion "to allow Plaintiff to Submit Video Evidence to Court & to Appoint Counsel." (ECF No. 4.)  Preliminarily, the Local Rules prohibit the embedding of one motion within another, stating that, "Motions must not be combined with any other stand-alone document." E.D. Mich. LR 5.1(e) and 7.1(i).  "For example, a motion for preliminary injunctive relief must not be combined with a complaint, a counter-motion must not be combined with a response or reply, and a motion for downward departure must not be combined with a sentencing memorandum. Papers filed in violation of this rule will be

stricken." E.D. Mich. LR 7.1(i).  Plaintiff's motion, by combining two motions into one, violates these local rules.  In the future, such combined motions will be stricken; however, here the Court chooses to use this as a teaching moment and to decide both issues raised in the motion on the merits.

### A. Recording/Evidence

The motion asks the Court to give Plaintiff "further direction on how to go forward" and asks how the Court "would like me to submit" "a recording that will be used as evidence in my case." (*Id*., PageID.18.)  Fundamentally, <u>the Court cannot give advice to parties</u>.  As to the mechanics of filing certain items with the Court, Plaintiff may contact the Clerk's Office, which may be able to give him limited instructions, depending on the circumstances.  Moreover, the Eastern District of Michigan Local Rules state that a party "may not file discovery material specified in Fed. R. Civ. P. 5(d)(1) . . . ." E.D. Mich. LR 26.2.  Circumstances in which parties may file material (such as recordings) with the Court include "when it provides factual *support for a motion, response or reply*." *Id*., 26.2(1) (emphasis added).  And in such circumstances, "The party or other person relying on the material must file only the germane portion of it as an exhibit or attachment to the motion, response, or reply." *Id*. <u>Parties are not entitled to simply file items that they perceive as being helpful to their case on the docket just to add them to the record</u>.

4

### B. Query regarding counsel

As to appointment of counsel, Plaintiff's motion contains more of a question than an actual request, querying, "Also, does this court have the authority to appoint me counsel?" In short, the answer is "NO." the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27

(1981).  With respect to *pro se* civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (internal and external citations omitted).[1]  Accordingly, although the Court has the statutory authority to *request* counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

    In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself.  *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985).  Plaintiff's motion supplies no evidence of exceptional circumstances, and is more a request for information than an actual request for recruitment. Plaintiff's mere reference to the fact that he is 22 years old (ECF No. 4, PageID.18) does not suffice.  In any case, having considered the factors explained above, the motion is

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner civil rights cases, under 28 U.S.C. § 1915(e)(1) the Court may only request that an attorney represent an indigent plaintiff.

**DENIED WITHOUT PREJUDICE**.  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.  It is notable, however, that his request for recruitment of counsel is undercut by the next motion addressed in this order, which suggests that he already has an attorney interested in representing him.

### IV. Plaintiff's Motion to Request Court-Appointed Counsel and Sponsorship of Out-of-State Attorney (ECF No. 5)

Finally, Plaintiff asks the Court to "appoint counsel licensed in Michigan, not only to represent Plaintiff but also to sponsor" the *pro hac vice* admission of Attorney Steven A. Metcalf II of Metcalf & Metcalf, P.C., "a licensed attorney based in New York City, to assist in this case[,]" noting that Mr. Metcalf "is admitted in various federal jurisdictions throughout New York, and in the District Court for the District of Columbia." (ECF No. 5, PageID.20-21.)  Plaintiff further states that "as a prerequisite for Mr. Metcalf to be able to commit to represent me in this case – Mr. Metcalf requires sponsorship by an attorney licensed to practice in Michigan for pro hac vice admission pursuant to Local Rule 83.20(c)[.]" (*Id.*, PageID.21.)  However, a more careful reading of that Local Rule makes clear that "Pro hac vice admission is not permitted" in this District. (E.D. Mich. LR 83.20(c)(1).  What *is required* for an out of state attorney's admission to practice in this District, as well as local counsel requirements, is spelled out in Local Rule

7

83.20, and the Court need not provide a tutorial, especially to an attorney who is already licensed in several federal districts.  It is unclear why the Court should be involved in recruiting local counsel to sponsor or otherwise support Mr. Metcalf, and most experienced attorneys can easily shift for themselves in finding local or sponsoring counsel, as the Undersigned did many times in his career without court assistance.

Additionally, Plaintiff writes holographically, underneath the typewritten portion of his motion that, "This motion was done by A.i. [sic]." (ECF No. 5, PageID.22.)  That is a *bad idea* in one very real and important sense: Plaintiff will be held responsible for the content of his filings under Fed. R. Civ. P. 11, including the accuracy of all facts and law, regardless of whether he used artificial intelligence to assist him.  Perhaps this explains why he requests *pro hac vice* admission for Mr. Metcalf and miscites the Local Rules in support, despite the prohibition against it in that very section of the Rule that he relies upon.  <u>The Court will not accept A.I. as an excuse for inaccuracies</u> and will hold Plaintiff and all counsel responsible for whatever filings appear with their signatures.  Plaintiff is **DIRECTED** to carefully read Fed. R. Civ. P. 11 in its entirety.

In any case, for these reasons and those explained above with respect to his earlier motion regarding appointment of counsel, this motion is likewise **DENIED**.

## V. Pro Se Clinical Assistance

There is a federal *pro se* legal assistance clinic operated in the Courthouse by the University of Detroit-Mercy Law School. To determine if Plaintiff is eligible for assistance, he may contact the Federal Pro Se Legal Assistance Clinic at (313) 234-2690 or at proseclinic@udmercy.edu.[2]

**IT IS SO ORDERED.**

Dated:  April 15, 2025

ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).