# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

ISAAC ANTHONY THOMAS,

      Plaintiff,

vs.

WHALEY CHILDREN'S CENTER;
MINDY WILLIAMS (Whaley CEO);
DANTE JENNINGS; GENESEE COUNTY;
SHERIFF CHRIS SWANSON, in his individual
and official capacity; UNDERSHERIFF MICHAEL
TOCARCHICK, in his individual and official capacity;
LAKESIDE FOR CHILDREN d/b/a LAKESIDE
ACADEMY; LAKESIDE ACADEMY; SEQUEL
YOUTH SERVICES OF MICHIGAN, LLC; SEQUEL
TSI HOLDINGS, LLC; SEQUEL YOUTH AND
FAMILY SERVICES, LLC; SEQUEL ACADEMY
HOLDINGS, LLC; SEQUEL YOUTH SERVICES, LLC;
JOHN DOES "1-4"; and MICHIGAN DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

      Defendants.

Case No. 25-10524
Judge Susan K. DeClercq
Mag. Judge Anthony P. Patti

---

| | |
|---|---|
| STEVEN A. METCALF II<br>Attorney for Plaintiff<br>**Metcalf & Metcalf, P.C.**<br>99 Park Ave, Ste. 810<br>New York, NY 10016<br>(646) 253-0514<br>metcalflawnyc@gmail.com<br><br>MICHAEL W. EDMUNDS (P55748)<br>Attorney for Defendants Genesee County,<br>Swanson, and Tocarchick<br>**Gault Davison, PC**<br>8305 S. Saginaw, Ste. 8<br>Grand Blanc, MI 48439<br>(810) 234-3633<br>medmunds@gaultdavison.com | JOSEPH P. SULLIVAN (P38076)<br>ZACHARY G. STILLMAN (P87670)<br>Attorneys for Defendants Whaley, Williams<br>& Jennings<br>**Litchfield Cavo LLP**<br>303 West Madison, Ste. 300<br>Chicago, IL 60606<br>(312) 781-6677<br>sullivanj@litchfieldcavo.com<br>stillman@litchfieldcavo.com |

## WHALEY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURUANT TO FED. R. CIV. P. 12(b)(6)

Defendants, Whaley Children's Center ("Whaley"), Mindy Williams ("Williams"), and Dante Jennings ("Jennings") (collectively, "Defendants" or "Whaley Defendants"), by and through their undersigned counsel, move to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and state as follows:

1.  All allegations involving the Whaley Defendants arise from events allegedly occurring during Plaintiff's 2016 placement at Whaley Children's Center and are barred by Michigan's three-year statute of limitations applicable to both state and federal claims.

2.  The Whaley Defendants are private actors, not state actors, and therefore cannot be liable under 42 U.S.C. § 1983.

3.  Even if deemed state actors, the Whaley Defendants are entitled to qualified and/or quasi-judicial immunity for actions taken pursuant to court order and within the scope of Michigan's child-placement system.

4.  Plaintiff's remaining state-law claims—including those for negligence, gross negligence, fiduciary duty, obstruction of justice, and alleged violations of the Michigan Crime Victims' Rights Act—fail as a matter of law and/or are not cognizable under Michigan law.

WHEREFORE, Whaley Defendants–Whaley Children's Center, Mindy Williams, and Dante Jennings–respectfully request that all claims against them be dismissed with prejudice and that they be awarded their cost and fees for the reasons stated above and in their accompanying Memorandum of Law in Support of their Motion.

Dated: November 14, 2025                /s/ Joseph P. Sullivan___
                                        Joseph P. Sullivan
                                        Attorney for Defendants Whaley, Williams,
                                        and Jennings

JOSEPH P. SULLIVAN (P38076)
ZACHARY G. STILLMAN (P87670)
Litchfield Cavo LLP

Attorneys for Defendants Whaley, Williams, and Jennings
303 W. Madison Ste 300
Chicago, IL 60601
(847) 693-6839
sullivanj@litchfieldcavo.com
stillman@litchfieldcavo.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ISAAC ANTHONY THOMAS,

      Plaintiff,

vs.

WHALEY CHILDREN'S CENTER;
MINDY WILLIAMS (Whaley CEO);
DANTE JENNINGS; GENESEE COUNTY;
SHERIFF CHRIS SWANSON, in his individual
and official capacity; UNDERSHERIFF MICHAEL
TOCARCHICK, in his individual and official capacity;
LAKESIDE FOR CHILDREN d/b/a LAKESIDE
ACADEMY; LAKESIDE ACADEMY; SEQUEL
YOUTH SERVICES OF MICHIGAN, LLC; SEQUEL
TSI HOLDINGS, LLC; SEQUEL YOUTH AND
FAMILY SERVICES, LLC; SEQUEL ACADEMY
HOLDINGS, LLC; SEQUEL YOUTH SERVICES, LLC;
JOHN DOES "1-4"; and MICHIGAN DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

      Defendants.

Case No. 25-10524
Judge Susan K. DeClercq
Mag. Judge Anthony P. Patti

---

| | |
|---|---|
| STEVEN A. METCALF II<br>Attorney for Plaintiff<br>**Metcalf & Metcalf, P.C.**<br>99 Park Ave, Ste. 810<br>New York, NY 10016<br>(646) 253-0514<br>metcalflawnyc@gmail.com<br><br>MICHAEL W. EDMUNDS (P55748)<br>Attorney for Defendants Genesee County,<br>Swanson, and Tocarchick<br>**Gault Davison, PC**<br>8305 S. Saginaw, Ste. 8<br>Grand Blanc, MI 48439<br>(810) 234-3633<br>medmunds@gaultdavison.com | JOSEPH P. SULLIVAN (P38076)<br>ZACHARY G. STILLMAN (P87670)<br>Attorneys for Defendants Whaley, Williams<br>& Jennings<br>**Litchfield Cavo LLP**<br>303 West Madison, Ste. 300<br>Chicago, IL 60606<br>(312) 781-6677<br>sullivanj@litchfieldcavo.com<br>stillman@litchfieldcavo.com |

## WHALEY DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Plaintiff Isaac Thomas's Second Amended Complaint names a broad array of defendants, including the Whaley Children's Center ("Whaley"), its Chief Executive Officer Mindy Williams ("Williams"), and former employee Dante Jennings ("Jennings"), along with the Michigan Department of Health and Human Services ("DHHS"), Genesee County, Sheriff Chris Swanson ("Swanson"), Undersheriff Michael Tocarchick ("Tocarchick"), Lakeside Academy ("Lakeside"), and several affiliated Sequel entities (collectively, the "Sequel Defendants"). The pleading asserts constitutional and state-law claims arising from alleged events that occurred while Plaintiff was a minor in foster care, including during his placement at Whaley in Flint, Michigan.

Plaintiff contends that he was sexually and physically abused by Jennings during his placement at Whaley pursuant to court order, which lasted from April 22, 2016, through November 19, 2016, with a formal discharge on November 24, 2016. (ECF No. 46, ¶¶ 34–57) Plaintiff now asserts numerous causes of action against the Whaley Defendants, including Counts I through V and VII through XIV — covering claims for sexual assault and battery, multiple theories under 42 U.S.C. § 1983, breach of fiduciary duty, gross and ordinary negligence, negligent hiring and supervision, intentional and negligent infliction of emotional distress, obstruction of justice, negligence per se, and several other statutory claims under Michigan law.

This motion is brought on behalf of Defendants Whaley, Williams, and Jennings (the "Whaley Defendants") pursuant to Rule 12(b)(6). Although Plaintiff's Second Amended Complaint now spans eighty-three pages and names additional public and private entities, the allegations directed at the Whaley Defendants are materially identical to those asserted in the prior pleading. The claims remain legally deficient because the Whaley Defendants are private actors, not state actors subject to liability under 42 U.S.C. § 1983, and because all of Plaintiff's claims—

federal and state—are time-barred under Michigan's three-year statute of limitations. Even apart from the time bar, the Second Amended Complaint fails to allege facts sufficient to establish any plausible entitlement to relief or to overcome the defenses available to the Whaley Defendants under Michigan and federal law.

## PROCEDURAL HISTORY

Plaintiff filed this lawsuit *in pro per* on February 24, 2025. (ECF No. 1) Plaintiff then filed an amended complaint on March 13, 2025, dropping some of his claims and additionally naming the Whaley Defendants. (ECF No. 13.) Now, Plaintiff has had counsel appear on his behalf, (ECF No. 31), and has filed his Second Amended Complaint with the Court, refreshing and revising the allegations of his prior asserted claims, asserting many more counts, and naming additional defendants. (ECF No. 46.)

## STANDARD OF REVIEW

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the court "must accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff." *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024). However, "to survive dismissal, the complaint must contain sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probable' entitlement to relief. *Fabian v. Fulmer Helmets, Inc*. 628 F.3d 278 (6th Cir.2010). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," "formulaic recitation[s] of the elements of a cause of action," "'naked assertion[s]' devoid of 'further factual enhancement,'" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are not

3

enough. *Iqbal*, 556 U.S. at 678-79.

## ARGUMENT

Plaintiff's Second Amended Complaint (hereafter "Complaint" or "Plaintiff's Complaint") does not cure the fundamental defects Whaley Defendants identified in response to the prior pleading. The operative allegations still concern events that allegedly occurred during Plaintiff's 2016 placement at Whaley Children's Center and are therefore long outside the governing statute of limitations for both federal and state claims. Even if the Court were to overlook the time bar, the Whaley Defendants are private actors who cannot be held liable under 42 U.S.C. § 1983, and even if this Court were to find that the Whaley Defendants are not private actors, Plaintiff's Section 1983 claims would still fail under the doctrines of qualified and/or quasi-judicial immunity. The remaining common law counts likewise fail to allege any plausible basis for relief under Michigan law. Each of Plaintiff's claims are legally insufficient and should be dismissed with prejudice.

The Whaley Defendants first address the applicable limitations period, then the threshold absence of state action under Section 1983 (and, in the alternative, the applicability of qualified and/or quasi-judicial immunity), followed finally by the failure of the remaining statutory and tort claims as a matter of Michigan law.

**I.     All of Plaintiff's Federal and State Claims Against the Whaley Defendants Are Barred by Michigan's Three-Year Statute of Limitations.**

All allegations involving the Whaley Defendants arise from Plaintiff's placement at Whaley Children's Center between April 22 and November 24, 2016, when he was approximately 13 or 14 years old. (ECF No. 46 ¶ 41.) Under Michigan law, a cause of action accrues "at the time the wrong upon which the claim is based was done." M.C.L. 600.5827; *Doe v. Smith*, Case No. 2:23-CV-10053-TGB-JJCG, 2025 WL 975391 (E.D. Mich. Mar. 31, 2025). Because the alleged acts occurred in 2016, Plaintiff's state-law claims accrued at that time and are governed by

4

Michigan's two- or three-year limitations periods for personal-injury actions. M.C.L. 600.5805(2), (3).

Although minority tolling under M.C.L. 600.5851(1) postponed the running of the limitations period until Plaintiff reached the age of 18, the tolling statute grants, at most, one additional year to file suit if the ordinary period had already expired. Even giving Plaintiff every possible benefit of tolling, his latest conceivable filing deadline was in late 2021 or 2022, depending on his exact birthday. *See McLain v. Roman Catholic Diocese of Lansing*, 514 Mich. 1 (2024).

Nor does the 2024 amendment to Michigan's limitations statute, M.C.L. 600.5851b, revive Plaintiff's claims. That provision extends the filing period to age twenty-eight only for civil claims arising from criminal sexual conduct as defined in M.C.L. 750.520b *et seq.*, which requires an allegation of sexual penetration. *See* M.C.L. 750.520a(r) (defining "sexual penetration" to mean "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body"). Plaintiff's Second Amended Complaint contains no such allegation, describing at most generalized claims of physical or sexual abuse. Because Plaintiff does not allege criminal sexual conduct within the meaning of the statute, the extended limitations period under M.C.L. 600.5851b does not apply.

Plaintiff's Count VIII attempts to invoke M.C.L. §§ 600.5851b and 600.5855 as both tolling mechanisms and standalone claims. Neither provision saves his claims. Section 5851b applies only to "criminal sexual conduct" as defined in M.C.L. 750.520b *et seq.*, which requires sexual penetration. Plaintiff's Second Amended Complaint contains no factual allegations of penetration or conduct meeting that statutory definition. His references to "molestation,"

5

"restraint," and "physical abuse" are insufficient as a matter of law to trigger M.C.L. 5851b's extended filing period.

Likewise, Section 5855 applies only where a defendant undertakes affirmative acts intended to conceal the existence of a claim. Routine failures to report, investigate, or discipline are not "affirmative acts" of concealment. *Doe v. Roman Catholic Archbishop of Detroit*, 264 Mich. App. 632, 642 (2004); *Sills v. Oakland Gen. Hosp.*, 220 Mich. App. 303, 310 (1996). The Second Amended Complaint's generalized assertions of "retaliation," "institutional cover-ups," and "failures to document injuries" do not satisfy that standard. Even if accepted as true, those allegations at most describe negligence or nonfeasance, not deliberate concealment designed to prevent suit.

Although Michigan law recognizes limited doctrines that may toll or extend a statute of limitations, none applies here. The Second Amended Complaint alleges no affirmative acts of concealment by the Whaley Defendants that could trigger fraudulent-concealment tolling under M.C.L. 600.5855. Nor does the continuing-violation doctrine apply. The Sixth Circuit has held that, after *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), "discrete acts" such as transfers, arrests, or other one-time events are not part of a continuing violation and must be timely challenged on their own. *Sharpe v. Cureton*, 319 F.3d 259, 267–68 (6th Cir. 2003). Plaintiff alleges only discrete acts of abuse that occurred in 2016, not any ongoing policy or continuing unlawful practice. Accordingly, no equitable or statutory basis exists to extend the limitations period in this case.

Plaintiff did not commence this action until March 20, 2025 — more than eight years after his alleged residence at Whaley and at least three years after any limitations period could plausibly have expired. Because Plaintiff pleads no post-2016 conduct and alleges no facts supporting

6

equitable tolling, revival, or fraudulent concealment, every claim against the Whaley Defendants is time-barred as a matter of law. Additionally, Plaintiff's failure to assert allegations bringing his abuse in line with the conditions required for application of Michigan's amended criminal-sexual-conduct tolling statute confirms that the extended limitations period of M.C.L. 600.5851b does not apply.

Finally, the same three-year limitations period governs Section 1983 claims arising in Michigan. *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986). Accordingly, all of Plaintiff's state *and* federal claims are untimely and must be dismissed as a matter of law.

## II.     The Whaley Defendants Are Not State Actors and Therefore Cannot Be Liable Under 42 U.S.C. § 1983.

Plaintiff brings four counts under 42 U.S.C. § 1983—Counts II through V—alleging that the Whaley Defendants violated his constitutional rights by (i) failing to protect him from harm, (ii) creating or increasing a danger to him, (iii) retaliating for protected speech, and (iv) denying access to the courts. Each of these claims fails at the threshold because the Whaley Defendants are private parties, not state actors.

To state a claim under Section 1983, a plaintiff must allege facts showing "(1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Allen v. McCurry*, 449 U.S. 90, 98 (1980). Negligence alone cannot support a Section 1983 claim, and liability cannot be imposed on parties who were not personally involved in the alleged deprivation. *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002).

Whaley Children's Center is a private, nonprofit organization that provides residential services for youth. Plaintiff does not allege that Whaley or its employees were state officials,

operated as an arm of the state, or exercised authority delegated by the state. The mere receipt of public funding or referrals does not transform a private entity into a state actor. *Kolley v. Adult Protective Servs.*, 786 F. Supp. 2d 1277, 1293 (E.D. Mich. 2011) (holding that a state-funded group home and its staff were not state actors under § 1983).

In *Kolley*, the court applied the Sixth Circuit's three recognized tests—the (1) public-function test, (2) state-compulsion test, and (3) symbiotic-relationship or nexus test—and found that none established state action for a private group home providing residential care. The same reasoning applies here. Providing day-to-day foster or residential care is not an exclusive governmental function. *Brown v. Hatch*, 984 F. Supp. 2d 700, 708 (E.D. Mich. 2013). The Sixth Circuit has also confirmed the national consensus that foster homes and private child-care facilities do not qualify as state actors. *Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 754–55 (6th Cir. 2020) (finding that "[a]cross the country, there's near uniformity that foster homes do not count as state actors" and collecting cases). *See also Leshko v. Servis*, 423 F.3d 337 (3d Cir. 2005); *Milburn v. Anne Arundel Cty. Dep't of Soc. Servs.*, 871 F.2d 474 (4th Cir. 1989); *Ismail v. Cty. of Orange*, 693 F. App'x 507, 512 (9th Cir. 2017).

Because Plaintiff's Section 1983 counts (Counts II–V) rest entirely on the alleged actions of private parties, they fail as a matter of law. Plaintiff's Complaint does not plausibly allege that the Whaley Defendants acted under color of state law under any recognized test and therefore cannot support any claim under Section 1983.

Even assuming, *arguendo*, that the Whaley Defendants could somehow be deemed state actors, those claims would still be barred by the same three-year statute of limitations discussed above. Additionally, under that assumption, the Whaley Defendants would be entitled to qualified and/or quasi-judicial immunity, as discussed below.

### III. Even If Deemed State Actors, The Whaley Defendants Are Entitled To Qualified or Quasi-Judicial Immunity.

Even assuming the Whaley Defendants could somehow be considered state actors, Plaintiff's Section 1983 claims would still fail because the Whaley Defendants are protected by qualified and quasi-judicial immunity.

Plaintiff's own allegations confirm that his placement at Whaley Children's Center occurred pursuant to a court order and at the direction of the Michigan Department of Health and Human Services (MDHHS). (ECF No. 46 ¶ 39) When private or state-contracted entities perform court-directed child-placement functions, they act as integral participants in the judicial process and are entitled to absolute quasi-judicial immunity. *Kolley*, 786 F. Supp. 2d at 1294; *Thomas v. St. Vincent & Sarah Fisher Ctr.*, No. 03-73002, 2006 WL 2418974, at *4 (E.D. Mich. Aug. 21, 2006); *Beauford v. Lewis*, 269 Mich. App. 295, 299 (2005); *Martin v. Children's Aid Soc.*, 215 Mich. App. 88, 96 (1996).

Courts have consistently held that social workers, guardian ad litems, foster-care agencies, and child-caring institutions performing court-ordered functions are entitled to absolute immunity for actions "intimately related to the judicial process." *Kolley*, 786 F. Supp. 2d at 1294. That protection extends to placement decisions, monitoring, and reports to the court—precisely the type of conduct alleged here.

Moreover, to the extent any actions fall outside the judicial process, the Whaley Defendants would still be shielded by qualified immunity, which protects officials (and by extension private actors performing public functions) from liability unless they violate "clearly established" constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiff's Complaint identifies no clearly established right that would have put the Whaley Defendants on notice that their conduct was unconstitutional.

9

Accordingly, even if the Whaley Defendants were deemed state actors, all Section 1983 claims against them would remain barred under the doctrines of qualified and quasi-judicial immunity.

### IV. Plaintiff's Remaining State Law Claims Fail as a Matter of Law or Are Otherwise Non-Cognizable

Plaintiff's remaining state-law claims against the Whaley Defendants—Counts I, VII, IX, X, XI, XII, XIII, and XIV—are barred by the same three-year limitations period and/or otherwise fail as a matter of law.

Counts I (Sexual Assault and Battery), XI (Gross Negligence and Willful and Wanton Misconduct), XII (Negligence and Negligent Hiring, Supervision, Training, and Retention), and XIII (Negligence and Breach of Statutory Duty) are each governed by Michigan's three-year statute of limitations for personal-injury and tort actions, MCL 600.5805(2), and accrued no later than 2016. Even with minority tolling, any such claims expired by 2021–2022. As explained above, no equitable or statutory tolling applies.

Count VII (Breach of Fiduciary Duty) is governed by the same three-year limitations period, MCL 600.5805(2), and is therefore time-barred for identical reasons. Moreover, Michigan law does not recognize a fiduciary relationship between a residential treatment facility and its resident absent a special confidential or financial relationship. *Ulrich v. Fed. Land Bank of St. Paul*, 192 Mich. App. 194, 196 (1991). Plaintiff alleges no such relationship here.

Count IX, alleging a violation of the Michigan Crime Victims' Rights Act, MCL 780.752 et seq., fails because the Crime Victims' Rights Act ("CVRA"), MCL 780.751 *et seq*., governs restitution and procedural rights in criminal proceedings only. It creates no private right to recover civil damages. Michigan courts hold that "the statutory scheme for restitution is separate and independent of any damages that may be sought in a civil proceeding." *People v. Lee*, 314 Mich.

App. 266, 274–75 (2016); *see also People v. Bell*, 276 Mich. App. 342, 347–49 (2007). When a statute provides its own enforcement mechanism, that remedy is exclusive absent contrary legislative intent. *Pompey v. Gen. Motors Corp.*, 385 Mich. 537, 552–55 (1971). Nothing in the CVRA indicates such intent. Accordingly, Count IX must be dismissed with prejudice.

Similarly, Count X, alleging Obstruction of Justice under MCL 750.505, fails as a matter of law because Michigan does not recognize a private civil cause of action under that statute. Section 750.505 is purely criminal—it penalizes common-law offenses "for the punishment of which no provision is expressly made by statute" and creates no private rights or remedies. *People v. Thomas*, 438 Mich. 448, 456–58 (1991). The Michigan Court of Appeals has expressly held that obstruction statutes do not give rise to civil causes of action, rejecting such a claim outright in *Denhof v. Challa*, 311 Mich. App. 499, 510–11 (2015). Accordingly, Count X must be dismissed with prejudice.

Finally, Count XIV (Negligence Per Se) fails because Michigan does not recognize "negligence per se" as a stand-alone tort. A statutory violation creates at most a rebuttable presumption of negligence, subject to the limits outlined in *Klanseck v. Anderson Sales & Serv., Inc.*, 426 Mich. 78, 86–90 (1986) and *Zeni v. Anderson*, 397 Mich. 117, 128–37 (1976). Further, because any underlying negligence claim is itself time-barred, Count XIV necessarily fails.

Accordingly, all remaining state-law claims asserted against the Whaley Defendants are untimely and legally insufficient. Dismissal of these Defendants is proper as a matter of law.

## CONCLUSION

For the aforementioned reasons, the Whaley Defendants respectfully request that the claims asserted against them be dismissed with prejudice.

Dated: November 12, 2025                         */s/ Joseph P. Sullivan*___

                                                Joseph P. Sullivan
                                                Attorney for Defendants Whaley, Williams, and Jennings

JOSEPH P. SULLIVAN (P38076)
ZACHARY G. STILLMAN (P87670)
Litchfield Cavo LLP
Attorney for Defendants Whaley, Williams, and Jennings
303 W. Madison Ste 300
Chicago, IL 60601
(847) 693-6839
sullivanj@litchfieldcavo.com
stillman@litchfieldcavo.com

## CERTIFICATE OF SERVICE

      The undersigned certifies that on November 13, 2025, I caused to be filed via the Court's electronic filing system the foregoing document, and that service will be accomplished on all parties of record.

                                                /s/ *Joseph P. Sullivan*