UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ISAAC ANTHONY THOMAS,

       Plaintiff,

vs.

WHALEY CHILDREN'S CENTER;
MINDY WILLIAMS (Whaley CEO);
DANTE JENNINGS; GENESEE COUNTY;
SHERIFF CHRIS SWANSON, in his individual
and official capacity; UNDERSHERIFF MICHAEL
TOCARCHICK, in his individual and official capacity;
LAKESIDE FOR CHILDREN d/b/a LAKESIDE
ACADEMY; LAKESIDE ACADEMY; SEQUEL
YOUTH SERVICES OF MICHIGAN, LLC; SEQUEL
TSI HOLDINGS, LLC; SEQUEL YOUTH AND
FAMILY SERVICES, LLC; SEQUEL ACADEMY
HOLDINGS, LLC; SEQUEL YOUTH SERVICES, LLC;
JOHN DOES "1-4"; and MICHIGAN DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

       Defendants.

Case No. 25-10524
Judge Susan K. DeClercq
Mag. Judge Anthony P. Patti

---

| | |
|---|---|
| STEVEN A. METCALF II<br>Attorney for Plaintiff<br>**Metcalf & Metcalf, P.C.**<br>99 Park Ave, Ste. 810<br>New York, NY 10016<br>(646) 253-0514<br>metcalflawnyc@gmail.com<br><br>MICHAEL W. EDMUNDS (P55748)<br>Attorney for Defendants Genesee County,<br>Swanson, and Tocarchick<br>**Gault Davison, PC**<br>8305 S. Saginaw, Ste. 8<br>Grand Blanc, MI 48439<br>(810) 234-3633<br>medmunds@gaultdavison.com | JOSEPH P. SULLIVAN (P38076)<br>ZACHARY G. STILLMAN (P87670)<br>Attorneys for Defendants Whaley, Williams<br>& Jennings<br>**Litchfield Cavo LLP**<br>303 West Madison, Ste. 300<br>Chicago, IL 60606<br>(312) 781-6677<br>sullivanj@litchfieldcavo.com<br>stillman@litchfieldcavo.com |

## WHALEY DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendants, Whaley Children's Center ("Whaley"), Mindy Williams ("Williams"), and Dante Jennings ("Jennings") (collectively, "Defendants" or "Whaley Defendants"), by and through their undersigned counsel, for their Reply in Support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 49), state as follows:

Whaley Defendants filed their Motion to Dismiss on November 13, 2025 (ECF No. 49). Under LR 7.1(e)(2)(A), Plaintiff was required to file a response within 21 days—i.e., by December 4, 2025. No response was filed, no extension was requested, and Plaintiff has otherwise made no appearance regarding the Motion. Because the time to respond has expired under the Local Rules, the Motion stands unopposed and the arguments raised therein are deemed conceded.

### ARGUMENT

Plaintiff's failure to file any response operates as a concession of the Motion's arguments and is independent grounds to grant dismissal. *See Fed. Nat'l Mortg. Ass'n v. River Houze, LLC*, 596 F. Supp. 3d 925, 932 (E.D. Mich. 2022) (collecting cases); *Degolia v. Kenton Cty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019); *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008). Nonetheless, even if the Court elects to consider the Motion on its merits, dismissal remains compelled for the reasons previously briefed.

**I.   Plaintiff's Failure to Respond to Whaley Defendants' Motion to Dismiss (ECF No. 49) Constitutes Concession.**

Failure to respond to an argument—or to file a response to a motion—constitutes concession, and unaddressed grounds may be deemed waived and warrant dismissal. *See Fed. Nat'l Mortg. Ass'n v. River Houze, LLC*, 596 F. Supp. 3d 925, 932 (E.D. Mich. 2022) (collecting cases and noting that non-response permits court to treat arguments as conceded); *see also Degolia v. Kenton Cty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019) (court may treat unaddressed arguments

2

as conceded) (quoting *Rouse v. Caruso*, No. 06-CV-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011)); *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (lack of response is waiver and supports granting dismissal).

Here, Whaley Defendants filed their filed their Motion to Dismiss on November 13, 2025 (ECF No. 49). Under LR 7.1(e)(2)(A), Plaintiff's Response in Opposition was due 21 days thereafter, on or by December 4, 2025. Despite this, no response was filed, no extension was requested, and Plaintiff has otherwise made no appearance regarding the Motion.

Because the deadline has passed and the Motion remains unopposed, all arguments therein should be deemed conceded and dismissal is warranted for Whaley Defendants.

## II.    Even Absent Concession, Dismissal is Proper for the Reasons Set Forth in Whaley Defendants' Motion to Dismiss (ECF No. 49).

As detailed in Whaley Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and Brief in Support (ECF No. 49), all claims are barred by Michigan's statute of limitations; Whaley Defendants are private actors not subject to § 1983; even if considered state actors, qualified and quasi-judicial immunity would apply; and Plaintiff's state-law claims are independently non-cognizable or legally insufficient.

Accordingly, dismissal with prejudice is warranted.

## CONCLUSION

For the aforementioned reasons, the Whaley Defendants respectfully request that the claims asserted against them be dismissed with prejudice.

Dated: December 17, 2025              /s/ *Joseph P. Sullivan*
                                                       Joseph P. Sullivan
                                                      Attorney for Defendants Whaley, Williams, and Jennings

JOSEPH P. SULLIVAN (P38076)

ZACHARY G. STILLMAN (P87670)
Litchfield Cavo LLP
Attorney for Defendants Whaley, Williams, and Jennings
303 W. Madison Ste 300
Chicago, IL 60601
(847) 693-6839
sullivanj@litchfieldcavo.com
stillman@litchfieldcavo.com

<b><u>CERTIFICATE OF SERVICE</u></b>

      The undersigned certifies that on December 17, 2025, I caused to be filed via the Court's electronic filing system the foregoing document, and that service will be accomplished on all parties of record.

                                                          /s/ *Joseph P. Sullivan*