## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

ISAAC ANTHONY THOMAS,

        Plaintiff,

vs.

GENESEE COUNTY, CHRIS
SWANSON, MICHAEL TOCARCHICK,
WHALEY CHILDRENS CENTER,
MINDY WILLIAMS, DEONTE JENNINGS,
LAKESIDE ACADEMY, SEQUEL,
JOHN DOES,

        Defendants.

Case No. 25-10524
Judge Susan K. DeClercq
Mag. Judge Anthony P. Patti

| | |
|---|---|
| STEVEN A. METCALF, II<br>Attorney for Plaintiff<br>99 Park Avenue, Ste. 810<br>New York, NY 10016<br>(646) 253-0514<br>metcalflawnyc@gmail.com<br><br>MICHAEL W. EDMUNDS (P55748)<br>Attorney for Defendants Genesee<br>County, Swanson & Tocarchick<br>8305 S. Saginaw, Ste. 8<br>Grand Blanc, MI 48439<br>(810) 234-3633<br>medmunds@gaultdavison.com | JOSEPH P. SULLIVAN (P38076)<br>ZACHARY G. STILLMAN (P87670)<br>Attorneys for Defendants Whaley,<br>Williams & Jennings<br>303 West Madison, Ste. 300<br>Chicago, IL 60606<br>(312) 781-6677<br>sullivanj@litchfieldcavo.com<br>stillman@litchfieldcavo.com |

## GENESEE COUNTY DEFENDANTS'
## MOTION TO DISMISS

Defendants Chris Swanson, Michael Tocarchick, and Genesee County move this Court to dismiss the claims against them, pursuant to Fed. R. Civ. P. 12(b)(6), and in support state as follows:

1. Plaintiff has sued the Genesee County, the Genesee County, Sheriff, and his Undersheriff, for refusing to investigate his complaint that he had been molested years earlier when he was at the Whaley Children's Center and the Lakeside Academy.

2. There is no duty to investigate a criminal complaint, so Defendants' failure to do so did not violate Plaintiff's Constitutional Rights.

3. Therefore, Counts 2, 3, 4, and 5 fail to state a claim upon which relief can be granted, and should be dismissed.

4. There was no clearly established right to have a complaint investigated when Plaintiff made his complaint in May 2022.

5. Therefore, Defendants have qualified immunity, and Counts 2, 3, 4, and 5 should be dismissed.

6. Defendants have governmental immunity for Plaintiff's negligence claims.

7. Therefore, Counts 11, 12, 13, and 14 should be dismissed.

8. Count 10 should be dismissed because there is no civil cause of action

for obstruction of justice.

9.     Counts 13 and 14 should be dismissed because Plaintiff did not suffer any damages from Defendants' failure to report his alleged abuse.

10.     Count 9 should be dismissed because the Crime Victims' Rights Act does not create a private cause of action.

11.     Count 2, failure to protect, should be dismissed because Plaintiff was never in the custody of Genesee County.

12.     Count 3 should be dismissed because the Genesee County Defendants did nothing to put Plaintiff in a greater position of danger.

13.     Count 4, First Amendment retaliation, should be dismissed because Plaintiff has not plead any facts which would constitute retaliation.

14.     Count 5, denial of access to courts, should be dismissed because Plaintiff has not plead that he was denied access to the courts.

15.     Count 6, Monell, should be dismissed because the individual defendants did not violate Plaintiff's Constitutional rights.

16.     Count 8, sexual abuse, should be dismissed because MCL 600.5851b and MCL 600.5855 don't create a cause of action.

WHEREFORE, the Genesee County Defendants request that the claims against them be dismissed with prejudice and that they be awarded their costs and attorney

3

fees.

Dated:___December 23, 2025                      /s/ *Michael W. Edmunds (P55748)*
                                                MICHAEL W. EDMUNDS P55748
                                                Gault Davison, PC
                                                Attorney for Genesee County
                                                Defendants
                                                8305 S. Saginaw St., Ste. 8
                                                Grand Blanc, MI 48439
                                                (810) 234-3633
                                                Medmunds@GaultDavison.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

ISAAC ANTHONY THOMAS,

        Plaintiff,

vs.

GENESEE COUNTY SHERIFF'S
DEPARTMENT, SHERIFF CHRIS
SWANSON, in his individual and
official capacity, UNDERSHERIFF
MICHAEL TOCARCHICK, in his
individual and official capacity,
WHALEY CHILDRENS CENTER,
MINDY WILLIAMS (CEO of Whaley),
and DEONTE (LNU),

Case No. 25-10524
Judge Susan K. DeClercq
Mag. Judge Anthony P. Patti

        Defendants.

| | |
|---|---|
| ISAAC ANTHONY THOMAS<br>*In Pro Per*<br>226 E. Lorado Avenue<br>Flint, MI 48505<br>(810) 493-4083<br>morelife1819@gmail.com | JOSEPH P. SULLIVAN (P38076)<br>Attorney for Defendants Whaley,<br>Williams & Jennings<br>303 West Madison, Ste. 300<br>Chicago, IL 60606<br>(312) 781-6677<br>sullivanj@litchfieldcavo.com |
| MICHAEL W. EDMUNDS (P55748)<br>Attorney for Defendants Genesee<br>County, Swanson & Tocarchick<br>8305 S. Saginaw, Ste. 8<br>Grand Blanc, MI 48439<br>(810) 234-3633<br>medmunds@gaultdavison.com | |

## BRIEF IN SUPPORT

## ISSUES PRESENTED

1.  Whether law enforcement officers such as the Defendants have a duty to investigate a criminal complaint?

2.  Whether there was a clearly established right in May 2022 to have a criminal complaint investigated by law enforcement officers such as the Defendants?

5.  Whether Plaintiff's negligence claims are barred by governmental immunity?

6.  Whether there is a civil cause of action for obstruction of justice under Michigan or federal law?

7.  Whether Defendants' failure to report Plaintiff's alleged abuse caused him to suffer any damages?

8.  Whether the Crime Victims' Rights Act creates a private cause of action?

9.  Whether Plaintiff's failure to protect claim should be dismissed because Plaintiff was never in the custody of Genesee County.

10. Whether Plaintiff's state created danger claim should be dismissed because the Genesee County Defendants did nothing to put Plaintiff in a greater position of danger?

11.     Whether Plaintiff has plead any facts which would constitute retaliation?

12.     Whether Plaintiff has plead any facts to support his allegation that he was denied access to the courts?

13.     Whether Plaintiff can maintain his *Monell* claim against the County if the Constitutional claims against the individual Defendants are dismissed?

14.     Whether MCL 600.5851b or MCL 600.5855 create a cause of action?

# CONTROLLING AUTHORITY

Duty to Investigate.

*Tucker v. FBI Headquarters,* unreported F.Supp., 2020 WL 2059866 (E.D. Mich. 2020).

Qualified Immunity

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982).
*Russo v Cincinnati,* 953 F.2d 1036 (6th Cir. 1992).

Governmental Immunity.

MCL 691.1407.
*Robinson v. Detroit*, 462 Mich. 439; 613 N.W.2d 307 (2000).

Obstruction of Justice.

*Denhoff v. Challa,* 311 Mich. App. 499 (2015).
*Hopson v. Shakes,* unpublished F. Supp.2d, 2013 WL 1703862 (W.D. Ky. 2013).

Failure to Protect / State Created Danger.

*DeShaney v. Winnebago Soc. Serv.*, 489 U.S. 189 (1989).

Dismissal of Municipality Without Individual Liability in Monell Claim.

*Board of the Co. Commissioners v. Brown*, 520 U.S. 397 (1997).

## TABLE OF CONTENTS

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

CONTROLLING AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iv-

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -v-

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -vii-

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    I.    There is no duty to investigate a criminal complaint. . . . . . . . . . . . . 3
    II.   The Genesee County Defendants have qualified immunity. . . . . . . . . 6
    III.  Plaintiff's negligence claims are barred by governmental immunity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    IV.  There is no civil cause of action for obstruction of justice. . . . . . . 11
    V.   The Genesee County Defendants did not cause Plaintiff's damages. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    VI.  Count 9 should be dismissed because it does not create a private cause of action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    VII.  Count 2 should be dismissed because Plaintiff was never in the custody of Genesee County. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
    VIII. Count 3 should be dismissed because the Genesee County Defendants did nothing to put Plaintiff in a greater position of danger. . . . . . . . 14
    IX.  Count 4 (First Amendment retaliation) should be dismissed because Plaintiff has not plead any facts which would constitute retaliation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    X.   Count 5, denial of access to courts should be dismissed because Plaintiff has not plead any facts to support an allegation that he was denied access to the courts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    XI.  Count 6 should be dismissed because the individual defendants did not violate Plaintiff's constitutional rights. . . . . . . . . . . . . . . . . . . . 16
    XII.  Count 8 (sexual abuse) should be dismissed because it doesn't create

a cause of action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A

INDEX OF EXHIBITS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . B

# TABLE OF AUTHORITIES

1.   <u>Michigan statutes</u>

MCL 691.1407. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

MCL 722.623. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

MCL 722.628. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

MCL 722.633. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

MCL 750.136b. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

MCL 750.483a(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

MCL 750.505. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

MCL 780.752. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13


2.   <u>Federal statutes</u>

18 U.S.C. § 1501. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


3.   <u>Michigan cases</u>

*Denhoff v. Challa*, 311 Mich. App. 499 (2015). . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Robinson v. Detroit*, 462 Mich. 439; 613 N.W.2d 307 (2000). . . . . . . . . . . . . . . . 10

4.   <u>Federal District Court cases</u>

*Hopson v. Shakes*, unpublished F.Supp.2d, 2013 WL 1703862 (W.D. Ky. 2013).
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Moralez v. Moore*, unreported F.Supp., 2017 WL 9802881 (E.D. Mich. 2017). . . 5

*Moralez v. Moore*, unreported F.Supp., 2018 WL 1406842 (E.D. Mich. 2018). . . 6

*Tucker v. FBI Headquarters,* unreported F.Supp., 2020 WL 4006760 (E.D. Mich.
2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Tucker v. FBI Headquarters,* unreported F.Supp., 2020 WL 2059866 (E.D. Mich.
2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Witner v. United States*, unreported F.Supp. 2012 WL 88284 (E.D. Mich. 2012).
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5.   <u>Sixth Circuit cases</u>

*Allstate Ins. Co. v. Global Med. Billing, Inc.,* 520 Fed. Appx. 409 (6th Cir. 2013).
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Dominguez v. Corr. Med. Servs*., 555 F.3d 543 (6th Cir. 2009).. . . . . . . . . . . . . . 4

*Fisher v. City of Memphis*, 234 F.3d 312 (6th Cir. 2000).. . . . . . . . . . . . . . . . . . . 4

*Foy v. City of Berea*, 58 F.3d 227 (6th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . 15

*Frazier v. Michigan*, 41 F. App'x 762 (6th Cir. 2002).. . . . . . . . . . . . . . . . . . . . . 4

*Hall v. United States*, 704 F.2d 246 (6th Cir.1983). . . . . . . . . . . . . . . . . . . . . . . . 4

*Mattera v. Baffert*, 100 F.4th 734 (6th Cir. 2024).. . . . . . . . . . . . . . . . . . . . . . . . 3

*Ohio Civil Serv. Employees Ass'n. v Seiter*, 858 F2d 1171 (6th Cir. 1988). . . . . . 7

*Poe v Haydon*, 853 F.2d 418 (6th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Quigley v. Tuong Vinh Thai*, 707 F.3d 675 (6th Cir. 2013). . . . . . . . . . . . . . . . . . 7

*Rieves v. Town of Smyrna*, 959 F.3d 678 (6th Cir. 2020).. . . . . . . . . . . . . . . . . . . 8

*Russo v Cincinnati*, 953 F.2d 1036 (6th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . 7

6. <u>Other Circuits</u>

*Keyter v. 535 Members of 110th Congress*, 277 Fed. Appx. 825 (10th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

7. <u>United States Supreme Court cases</u>

*Allen v. McCurry*, 449 U.S. 90 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Anderson v. Creighton*, 483 U.S. 635 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Board of the Co. Commissioners v. Brown*, 520 U.S. 397 (1997) . . . . . . . . . . . . 16

*Collins v. City of Harker Heights*, 503 U.S. 115 (1992).. . . . . . . . . . . . . . . . . . . 4

*DeShaney v. Winnebago Soc. Serv.*, 489 U.S. 189 (1989). . . . . . . . . . . . . . . . 13-15

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Malley v. Briggs*, 475 U.S. 335 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). . . . . . . . 16

*Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Nixon*, 418 U.S. 683 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## INTRODUCTION

Plaintiff, *in pro per*, sued Genesee County, the Sheriff (Chris Swanson), and the Undersheriff (Michael Tocarchick), collectively referred to as the "Genesee County Defendants." In an Amended Complaint, Plaintiff added the Whaley Children's Center, its CEO (Mindy Williams), and a former employee (Deonte Jennings), who will be referred to as "the Whaley Defendants."

The Genesee County Defendants and the Whaley defendants both filed motions to dismiss. Plaintiff then retained counsel, who filed a Second Amended Complaint adding Lakeside Academy, several John Doe employees of Lakeside, several Sequel entities, and the Michigan Department of Health and Human Services ("DHSS").[1] Whaley filed another motion to dismiss, and the Genesee County Defendants now renew their motion to dismiss.

Plaintiff alleges that he was removed from his home by DHSS, who placed him in Whaley in 2016, then Lakeside in 2018. He alleges that Lakeside is owned by the Sequel Defendants. He claims he was abused at Whaley and Lakeside, and the Genesee County Defendants refused to investigate his claims when he tried to report them in May 2022. The Michigan State Police later investigated them and determined

---

[1] It does not appear that Plaintiff has served any of the newly added defendants with the Second Amended Complaint or a Summons.

1

that they were without merit.

Plaintiff has asserted the following claims against the Genesee County

Defendants:

Count 2: failure to protect in violation of 42 U.S.C. 1983.
Count 3: state created danger in violation of 42 U.S.C. 1983.
Count 4: First Amendment retaliation in violation of 42 U.S.C. 1983.
Count 5: denial of access to courts in violation of 42 U.S.C. 1983.
Count 6: deliberate indifference in violation of 42 U.S.C. 1983.
Count 8: sexual abuse.
Count 9: violation of the Crime Victims' Rights Act, MCL 780.752.
Count 10: obstruction of justice in violation of MCL 750.505.
Count 11: gross negligence.
Count 12: negligent hiring and supervision.
Count 13: negligence.
Count 14: negligence.

## ARGUMENT

<u>Standard of Review</u>

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the court "must accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff." *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024). However, "to survive dismissal, the complaint must contain sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

<u>Summary of the Argument</u>

Although Plaintiff has enumerated multiple claims against the Genesee County Defendants, the gravamen of his complaint is that the Genesee County Defendants failed to investigate his allegations. The defense is that they were not required to investigate his allegations, and they are entitled to qualified immunity and governmental immunity. He can't force law enforcement officers to conduct an investigation.

I.   <u>There is no duty to investigate a criminal complaint.</u>

Plaintiff has sued Defendants pursuant to 42 U.S.C. § 1983. 42 U.S.C. 1983 creates a cause of action for the violation of a federal statute or the US Constitution. A *prima facia* case under §1983 requires Plaintiff to prove that the Defendants acted

under color of state law and that the Defendants violated a federal statute or the US Constitution. *Allen v. McCurry*, 449 U.S. 90, 98 (1980). Defendants admit that they acted under color of state law.

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs*., 555 F.3d 543, 549 (6th Cir. 2009). A plaintiff must allege "more than just mere negligence." *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000) (citing *Collins v. City of Harker Heights*, 503 U.S. 115 (1992)). In addition, the plaintiff must allege that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir.1983)).

Plaintiff alleges that Swanson and Tocarchick refused to investigate his claims. He fails to state a claim upon which relief can be granted because they didn't have a duty to investigate his complaints. *Tucker v. FBI Headquarters,* unreported F.Supp., 2020 WL 2059866, at *2 (E.D. Mich. 2020) (Exhibit 1).

*Tucker* involved an extremely litigious *pro per* plaintiff who sued, *inter alia*, the FBI. The case has a long factual background that doesn't matter for the purposes

4

of this motion.  For the purposes of this motion, *Tucker* is important because plaintiff

accused the FBI of failing to investigate his allegations.  The Magistrate Judge in a

Report and Recommendation determined that plaintiff lacked standing to sue the FBI

for failing to investigate:

> "The Supreme Court has said that 'the Executive Branch has exclusive
> authority and absolute discretion to decide whether to prosecute a case.'
> *United States v. Nixon*, 418 U.S. 683, 693 (1974).  Private citizens may
> not do so.  'A private citizen has no standing to initiate federal criminal
> prosecutions.' *Keyter v. 535 Members of 110th Congress*, 277 Fed.
> Appx. 825, 827 (10th Cir. 2008).  Whether a party has standing is an
> issue of the Court's subject matter jurisdiction under Federal Rule of
> Civil Procedure 12(b)(1).  *Allstate Ins. Co. v. Global Med. Billing, Inc.,*
> 520 Fed. Appx. 409, 410-411 (6th Cir. 2013). Because plaintiff lacked
> standing to sue the federal agencies for **failure to investigate**, the Court
> does not have subject matter jurisdiction over those claims."

*Tucker,* 2020 WL 2059866 at \*2 (emphasis added).

In *Tucker v. FBI Headquarters,* unreported F.Supp., 2020 WL 4006760 (E.D.

Mich. 2020), the District Court Judge adopted the Magistrate's Report and

Recommendations without specifically addressing the failure to investigate claim.

(Exhibit 2).  *See also, Witner v. United States*, unreported F.Supp. 2012 WL 88284,

at \*2 (E.D. Mich. 2012) ('the investigation and prosecution of crimes is a

discretionary function of the FBI, and the plaintiff lacks standing to challenge any

decision by the FBI with regards to an alleged failure to investigate.") (Exhibit 3);

Magistrate's Report and Recommendation in *Moralez v. Moore*, unreported F.Supp.,

5

2017 WL 9802881 at *15 (E.D. Mich. 2017) (Defendant officers' failure to investigate or take a statement or charge the other defendants did not state a due process claim.) (Exhibit 4), adopted by *Moralez v. Moore*, unreported F.Supp., 2018 WL 1406842 (E.D. Mich. 2018). (Exhibit 5).

The undersigned could find no case that addressed whether local law enforcement officers have a duty to investigate, but the Genesee County Defendants cannot think of any reason why they would have a duty to investigate when federal law enforcement agencies don't.

Counts 2, 3, 4, and 5 should be dismissed for lack of a duty to investigate / lack of standing.

II.   <u>The Genesee County Defendants have qualified immunity.</u>

The doctrine of qualified immunity insulates government officials acting in their official capacities from liability for civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The Supreme Court recognized that some law enforcement officials would make mistakes, but found those officials should not be held personally liable. *Anderson v. Creighton*, 483 U.S.

635, 640 (1987).

A plaintiff who brings a § 1983 action against an official bears the burden of overcoming the qualified immunity defense. *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013). At the summary judgment stage, the plaintiff must show that (1) the defendant violated a constitutional right and (2) that right was clearly established. *Id.* at 680.

To find a clearly established right, the District Court must find a binding precedent by the Supreme Court, its own Circuit, or itself. *Russo v Cincinnati*, 953 F.2d 1036, 1042-43 (6th Cir. 1992). Only in "extraordinary cases" may the District Court look to the decisions of foreign jurisdictions as evidence of a clearly established principle of law. *Id.* at 1043. However, for such a decision to give rise to a clearly established Constitutional right, it "must both point unmistakably to the unconstitutionality of the conduct complained of and be so clearly foreshadowed by applicable direct authority [from the circuit] as to leave no doubt in the mind of a reasonable officer that his conduct, if challenged on Constitutional grounds, would be found wanting." *Ohio Civil Serv. Employees Ass'n. v Seiter*, 858 F2d 1171, 1177 (6th Cir. 1988).

The right in question cannot be simply a generalized right, like the right to due process. The right must be clearly established in a "particularized" sense so that "the

7

contours of the right" are clear enough for any reasonable officer in the Defendant's position to know that what the officers were doing violated that right. *Anderson*, 483 U.S. at 640.  This means that in light of pre-existing laws, the illegality of the act must be apparent.  *Id.*  The relevant, fact-specific question in a qualified immunity case is whether any officer could have, in light of pre-existing law, reasonably believed that his actions were lawful.  *Id.*; *Poe v Haydon*, 853 F.2d 418, 423 (6th Cir. 1988).  *See also Rieves v. Town of Smyrna*, 959 F.3d 678, 695 (6th Cir. 2020) ("A right is clearly established when a reasonable officer would know—in the given situation and with the information known to him at the time—that his conduct violated that right.").

Plaintiff alleges that he attempted to make a complaint with the Genesee County Defendants in May 2022.  Second Amended Complaint, para 44, ECF No.46, PageID.270.  In May 2022, there was no clearly established right to have that complaint investigated.  There is no case in The Eastern District of Michigan, the Sixth Circuit, or the United States Supreme Court that says there was such a duty.

The Genesee County Defendants directed Plaintiff to the City of Flint and the State Police, and Plaintiff did in fact make a complaint with both of them.  Given the fact that law enforcement agencies routinely redirect citizens to other agencies, no reasonable law enforcement officer would have believed it was a violation of

Plaintiff's constitutional rights to decline to investigate his claims, and the Genesee County Defendants therefore have qualified immunity.

Counts 2, 3, 4, and 5 should be dismissed based on qualified immunity.

III.    <u>Plaintiff's negligence claims are barred by governmental immunity.</u>

Government employees are shielded from most tort liability by governmental immunity:

> "Except as otherwise provided in this Section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency . . . is immune from tort liability . . . caused by the officer, employee, or member while in the course of employment or service . . . if all of the following are met:
>
> > a.  The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
> >
> > b.  The governmental agency is engaged in the exercise or discharge of a governmental function.
> >
> > c.  The officers', employees', members', or volunteers' conduct does not amount to gross negligence that is the proximate cause of the injury or damage."

MCL 691.1407.

It is believed to be undisputed that Swanson and Tocarchick were acting within the scope of their authority as Sheriff and Under Sheriff.  It is believed to be undisputed that when the Office of the Sheriff decides whether to investigate a

criminal complaint, it is engaged in the exercise of a governmental function. The Genesee County Defendants are therefore immune from liability for negligence unless their conduct amounted to gross negligence that was the proximate cause of Plaintiff's damages.

A.    Gross Negligence.

"Gross negligence" is defined by statute as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(7)(a). The refusal to investigate Plaintiff's complaint was not gross negligence because Plaintiff had alternatives, i.e. the City of Flint and the Michigan State Police.

B.    Proximate cause.

Even if defendants were grossly negligent, they have governmental immunity unless their gross negligence was "the" proximate cause of Plaintiff's death. In *Robinson v. Detroit*, 462 Mich. 439, 459; 613 N.W.2d 307 (2000), the Michigan Supreme Court held:

> "[T]he legislature's use of the definite article 'the' clearly evinces an intent to focus on one cause." The phrase 'the proximate cause' is best understood as meaning the one most immediate, efficient, and direct cause preceding an injury."

In this case, the Genesee County Defendants were not a proximate cause of

Plaintiff's damages, much less "the" proximate cause of his damages.  His damages were caused by the alleged abuse he suffered over the course of many years in multiple institutions, long before he attempted to file a complaint with Genesee County.  Plaintiff has not alleged that he suffered any additional abuse after attempting to file a complaint with Genesee County, as a result of these Defendants' failure to investigate.

Defendants were not the "one most immediate, efficient, and direct cause" that preceded Plaintiff's damages, and they are entitled to governmental immunity for Counts 11, 12, 13, and 14.

IV.    There is no civil cause of action for obstruction of justice.

Factually, Plaintiff's Second Amended Complaint fails to state a claim for obstruction of justice.  He merely alleges that the Genesee County Defendants failed to investigate his complaint.  That's not obstruction of justice.  Historically, obstruction of justice refers to actions like intimidating a witness, or destroying evidence, to *prevent* an investigation or court proceeding, not simply refusing to investigate.

Moreover, there is no civil cause of action for obstruction of justice, which is a criminal law.  Plaintiff relies on MCL 750.505.  That statute does create a civil cause of action for obstruction of justice.  It simply makes common law crimes

felonies when there is no statutory punishment for them.

MCL 750.483a(5) makes it a crime to prevent someone from reporting a crime by physical force or by using a position of authority, which sounds like obstruction of justice. The Michigan Court of Appeals has held that there is no civil cause of action for damages for a violation of MCL 750.483a(5). *Denhoff v. Challa*, 311 Mich. App. 499, 521 (2015).

The federal obstruction of justice statute is 18 U.S.C. § 1501. Like in Michigan, the federal statute does not provide for a private, civil cause of action for a violation of the statute. *Hopson v. Shakes*, unpublished F.Supp.2d, 2013 WL 1703862 at *2 (W.D. Ky. 2013) (Exhibit 6). Count 10 should be dismissed.

V.     The Genesee County Defendants did not cause Plaintiff's damages.

As previously argued, Counts 13 and 14 should be dismissed based on governmental immunity. In addition, they should be dismissed because the Genesee County Defendants' actions did not cause Plaintiff's damages.

Plaintiff was in Whaley in 2016. Second Amended Complaint, para 34, ECF No.46, PageID.268. He was in Lakeside in 2018. Second Amended Complaint, para 29, ECF No.46, PageID.266. He attempted to make a complaint in May 2022, long after he allegedly suffered the damages he claims. Second Amended Complaint, para 44, ECF No.46, PageID.270.

12

MCL 722.623 requires law enforcement officers who have "reasonable cause to suspect child abuse" to report it to DHSS.[2]   MCL 722.633 says that if a person who is required to report fails to do so, they are civilly liable for "the damages proximately caused by the failure."   Plaintiff does not have any damages from the Genesee County Defendants' failure to report his complaint because none of his alleged abuse occurred after his attempted report.

VI.   <u>Count 9 should be dismissed because it does not create a private cause of action.</u>

The Crime Victims' Rights Act, MCL 780.752, does not create a private cause of action for violation of the Act.

VII.   <u>Count 2 should be dismissed because Plaintiff was never in the custody of Genesee County.</u>

Count 2, for failure to protect, should be dismissed based on lack of duty and qualified immunity.   In addition, it should be dismissed because Plaintiff was never in the custody of the Genesee County Defendants.

In general, "nothing in the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *DeShaney v. Winnebago Soc. Serv.*, 489 U.S. 189, 195 (1989).   "The Clause is

---

[2]  Plaintiff also relies on MCL 722.628, but that statute only addresses DHSS' requirements after receiving a report, and is not applicable to this lawsuit.  Similarly, Plaintiff relies on MCL 750.136b, but that statute merely sets forth the definitions for the crime of child abuse.

13

phrased as a limitation on the State's power to act," and cannot be "extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means." *Id.*

However, there are exceptions.

One is when the State takes a person into custody. In that situation, "the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Id.* at 199-200. This has become known as the "special relationship" doctrine.

That doctrine does not apply here because Plaintiff was never in the custody of the Gensee County Defendants. Accordingly, they did not have a duty to protect him.

> "[I]t is the State's affirmative act of restraining the individual's freedom to act on his own behalf -- through incarceration, institutionalization, or other similar restraint of personal liberty -- which is the 'deprivation of liberty' triggering the protections of the Due Process Clause...."

*Id.* at 201.

VIII. <u>Count 3 should be dismissed because the Genesee County Defendants did nothing to put Plaintiff in a greater position of danger.</u>

Count 3, entitled state created danger, should be dismissed based on lack of duty and qualified immunity. In addition, it should be dismissed because the Genesee County Defendants did nothing to put Plaintiff in a greater position of danger.

There is another exception to the general rule announced by *DeShaney*. It is known as the "state created danger theory." It applies even when the injured person is not in custody if the State created the danger the person faced, or made him more vulnerable to it. As the Court explained in *DeShaney*,

> "that the State once took temporary custody of Joshua does not alter the analysis, for when it returned him to his father's custody, it placed him in no worse position than that in which he would have been had it not acted at all; the State does not become the permanent guarantor of an individual's safety by having once offered him shelter."

489 U.S. at 201; *See also Foy v. City of Berea*, 58 F.3d 227, 231 (6th Cir. 1995).

There is no claim that the Genesee County Defendants were aware of what was allegedly happening to Plaintiff at Whaley or Lakeside, years before he tried to make a complaint to the Genesee County Defendants. In sum, they did not do anything to prevent Plaintiff from protecting himself, or to expose him to any greater danger than he already faced.

IX.  Count 4 (First Amendment retaliation) should be dismissed because Plaintiff has not plead any facts which would constitute retaliation.

Count 4, First Amendment retaliation, should be dismissed based on lack of duty and qualified immunity. In addition, it should be dismissed because Plaintiff has not plead any act of retaliation by the Genesee County Defendants. Plaintiff's sole allegation against them is that they refused to investigate his complaint. They didn't

15

do anything to punish him for asking them to investigate; they just declined.

X.   <u>Count 5, denial of access to courts should be dismissed because Plaintiff has not plead any facts to support an allegation that he was denied access to the courts.</u>

Count 5, denial of access to courts, should be dismissed based on lack of duty and qualified immunity.  In addition, it should be dismissed because Plaintiff has not plead that he was denied access to the courts, or how.  Plaintiff's sole allegation against the Genesee County Defendants is that they refused to investigate his complaint.  If they had investigated, that doesn't guarantee that criminal charges would be filed.  That would have been up to the prosecutor.

XI.   <u>Count 6 should be dismissed because the individual defendants did not violate Plaintiff's constitutional rights.</u>

If the court dismisses the Constitutional claims against the individual defendants, then it must also dismiss the claims against the County.  *Board of the Co. Commissioners v. Brown*, 520 U.S. 397, 404 (1997) (a plaintiff must show a direct causal link between the municipal action and the deprivation of federal rights).  *See also Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) ("At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged.").  A plaintiff must show that a municipality's policy (or lack thereof) was a "moving force" in the deprivation of the plaintiff's rights. *Monell v. New York City*

*Dept. of Social Services*, 436 U.S. 658, 691 (1978).  If there was no deprivation of rights, there is no municipal liability.

XII.   Count 8 (sexual abuse) should be dismissed because it doesn't create a cause of action.

Count 8 should be dismissed because it doesn't create a cause of action.  MCL 600.5851b and MCL 600.5855 are merely statutes of limitations.

## CONCLUSION

For the above reasons, the Genesee County Defendants request that the claims against them be dismissed.

Dated:   December 23, 2025                      /s/ *Michael W. Edmunds (P55748)*
                                                MICHAEL W. EDMUNDS P55748
                                                Gault Davison, PC
                                                Attorney for Genesee County
                                                Defendants
                                                8305 S. Saginaw St., Ste. 8
                                                Grand Blanc, MI 48439
                                                (810) 234-3633
                                                Medmunds@GaultDavison.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2025, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

Dated:    December 23, 2025

/s/ *Michael W. Edmunds (P55748)*
MICHAEL W. EDMUNDS P55748
Gault Davison, PC
Attorney for Genesee County
Defendants
8305 S. Saginaw St., Ste. 8
Grand Blanc, MI 48439
(810) 234-3633
Medmunds@GaultDavison.com

A

## INDEX OF EXHIBITS

1    *Tucker v. FBI Headquarters,* unreported F.Supp., 2020 WL 2059866, (E.D. Mich. 2020).

2    *Tucker v. FBI Headquarters,* unreported F.Supp., 2020 WL 4006760 (E.D. Mich. 2020),

3    *Witner v. United States*, unreported F.Supp. 2012 WL 88284 (E.D. Mich. 2012)

4    *Moralez v. Moore*, unreported F.Supp., 2017 WL 9802881 (E.D. Mich. 2017).

5    *Moralez v. Moore*, unreported F.Supp., 2018 WL 1406842 (E.D. Mich. 2018).

6.    *Hopson v. Shakes*, unpublished F.Supp.2d, 2013 WL 1703862 (W.D. Ky. 2013).