# EXHIBIT #1

Case 2:25-cv-10524-SKD-APP ECF No. 51-1, PageID.399 Filed 12/23/25 Page 2 of 5

Tucker v. FBI Head Quarters, Not Reported in Fed. Supp. (2020)

2020 WL 4006060

Only the Westlaw citation is currently available.

United States District Court, E.D.
Michigan, Southern Division.

Christopher **TUCKER**, Plaintiff,

v.

**FBI** HEAD QUARTERS, Victoria **Tucker**,
Joseph Maguire, Meijer, Bobbie **Tucker**,
Buffy Jean **Tucker**, Michelle **Tucker** Lansdell,
Leo Radvinsky, Defense Advanced Research
Project Agency, Rick Strawcutter, Jack Blaker,
Edward Leszynski, John Frycek, James
M. Murray, Filipino Law, Adel Sarmiento,
Eugenio Lopez, III, Martin L. Lopez, Benjamin
Egron, Teresa Amelia Espinoza, Defendants.

Case No.: 19-13626
|
Signed 02/26/2020

**Attorneys and Law Firms**

Christopher Tucker, Prescott, WI, pro se.

**REPORT AND RECOMMENDATION DISMISSAL OF
COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION**

Michael J. Hluchaniuk, United States Magistrate Judge

**I. DISCUSSION**

**\*1** Plaintiff Christopher Tucker filed this *pro se* action on December 10, 2019. (ECF No. 1). This matter was referred to the undersigned for all pretrial matters. (ECF No. 4).

Tucker prepaid the filing fee when he filed his complaint. (ECF No. 1). For this reason, the Court cannot screen his complaint under 28 U.S.C. § 1915(e). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) ("[W]e hold that § 1915(e)(2) applies only to in forma pauperis proceedings."). However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible,

attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted). In considering whether a complaint should *sua sponte* be dismissed for lack of subject matter jurisdiction, the undersigned is especially mindful that a *pro se* litigant's complaint is to be construed liberally. *Dekoven v. Bell*, 140 F.Supp.2d 748, 754 (E.D. Mich. 2001), citing *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "A complaint 'is frivolous when it lacks an arguable basis either in fact or in law;' " a complaint "lacks an arguable or rational basis in fact if it describes 'fantastic or delusional scenarios.' " *Abner v. SBC (Ameritech)*, 86 Fed. Appx. 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)).[1] But dismissing on this basis should be done with caution: dismissal under Rule 12(b)(1) "is appropriate in only the rarest of circumstances where ... the complaint is deemed totally implausible." *Apple*, 183 F.3d at 480.

After reviewing plaintiff's complaint and the attachments thereto, the undersigned concludes that the complaint should be dismissed for lack of subject matter jurisdiction because the claims are totally implausible, frivolous, or devoid of merit. The overall theme of Tucker's complaint is that the "Surveillance Operatives," which he defines as the "Deep State" and/or "Shadow Government," (ECF No. 1, PageID.10), have been working to "hypnotize" and/or brainwash him and his wife through "electronic warfare" and "neural weapons." (*Id.* at PageID.10-11). He alleges various plots or conspiracies related to the "Surveillance Operatives" against members of the United States government. (*See, e.g. id.* at PageID.15, wherein he alleges that defendant Filipino Law "took part of a soft coupe against Donald J. Trump," among other allegations). He contacted the Federal Bureau of Investigation (FBI), the Secret Service, and other federal law enforcement agencies to investigate the use of neural weapons and the hacking of his Facebook page, but no agency would investigate. (*Id.* at PageID.10-11, 45). He has sued members of a Filipino television station for their involvement in sending "neural" messages through their programming and sued his past employer, Meijer, for refusing to give him his job back. (*Id.* at PageID.11, 20). He also believes some of the individual defendants, at least defendant Rick Strawcutter, have been assisting the "Surveillance Operatives." (*Id.* at PageID.11). He alleges various other plots and conspiracy theories connecting the Unites States government, the "Surveillance Operatives," and the individual defendants.

Tucker v. FBI Head Quarters, Not Reported in Fed. Supp. (2020)

Case 2:25-cv-10524-SKD-APP ECF No. 51-1, PageID.400 Filed 12/23/25 Page 3 of 5

**\*2** The undersigned finds no cognizable cause of action that is readily apparent on the face of this complaint. The crux of the complaint, that the "Surveillance Operatives" are illegally using electronic warfare and neural weapons against him and his family, as well as other plots and conspiracies involving the "deep state," lacks an arguable basis in rational fact Again, "[a] complaint 'is frivolous when it lacks an arguable basis either in fact or in law;' " a complaint "lacks an arguable or rational basis in fact if it describes 'fantastic or delusional scenarios.' " *Abner v. SBC (Ameritech)*, 86 Fed. Appx. 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989)). And, it is not clear that this Court has subject matter jurisdiction over such claims, or even who these "Surveillance Operatives" defendants are. These claims, indeed the entire complaint, are "totally implausible, attenuated, unsubstantial, frivolous, [and] devoid of merit." *Apple*, 183 F.3d at 479.

As for the claims against the federal agencies (FBI, Secret Service, and Joseph Maguire, Director of National Intelligence) about their failure to investigate potential criminal activity, plaintiff lacks standing to bring such a claim. The Supreme Court has said that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974). Private citizens may not do so; "a private citizen[ ] has no standing to initiate federal criminal prosecutions." *Keyter v. 535 Members of 110th Congress*, 277 Fed. Appx. 825, 827 (10th Cir. May 13, 2008). Whether a party has standing is an issue of the court's subject matter jurisdiction under *Federal Rule of Civil Procedure 12(b)(1)*. *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 Fed. Appx. 409, 410–11 (6th Cir. 2013) (citing *Murray v. U.S. Dep't of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012)). Because plaintiff lacks standing to sue the federal agencies for failure to investigate, the Court does not have subject matter jurisdiction over those claims. *See also Whitner v. United States*, 2012 WL 88284, at \*2 (E.D. Mich. Jan. 11, 2012) ("The investigation and prosecution of crimes is a discretionary function of the FBI, and the Plaintiff lacks standing to challenge any decision by the FBI with regards to an alleged failure to investigate."). It does not appear that there is any other claim against the federal law enforcement agencies over which this Court has subject matter jurisdiction.

To the extent there is any claim in the complaint against any federal agency or federal government employee for something other than the failure to investigate a crime, based on a reading of the complaint it is not clear that this Court would have subject matter jurisdiction over such a claim. Congress has waived the sovereign immunity of the United States by giving district courts jurisdiction over certain tort actions against the United States in the Federal Tort Claims Act. FTCA § 1346(b). Congress, however, excepted from this limited waiver "[a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." FTCA § 2680(a). If a case falls within this statutory exception to FTCA § 1346(b), the court lacks subject matter jurisdiction. *Feyers v. United States*, 749 F.2d 1222, 1225 (6th Cir. 1984), *cert. denied*, 471 U.S. 1125, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985). Again, though it is not clear that there is a claim other than the agencies' failure to investigate criminal activity, if there was such a claim, plaintiff does not even attempt to allege that the wrongdoing was based upon the performance of a non-discretionary function.[2]

**\*3** To the extent plaintiff seeks to have any of the individual defendants arrested for any criminal violations (*see* ECF No. 1, PageID.11 wherein, for example, he alleges that defendant Rick Strawcutter was involved in "electronic warfare"), again, he lacks standing to do so. A private citizen lacks standing to enforce criminal laws or to seek a judicial order compelling initiation of criminal proceedings. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (holding that a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Saro v. Brown*, 11 Fed. Appx. 387 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."); *Woods v. Miamisburg City Schools*, 254 F.Supp.2d 868, 873-74 (S.D. Ohio 2003) ("The law is clear that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime.").

Further, it does not appear that Tucker has any claim at all against some of the individual defendants. For example, Tucker alleges that the "Surveillance Operatives" said they were going to "set up my step father Bobbie that is why I need him to show up at court." (ECF No. 1, PageID.20). Likely, his stepfather Bobbie is named defendant Bobbie Tucker. Plaintiff does not allege wrongdoing against Bobbie, only that he wants Bobbie to show up in court because plaintiff believes he is being set up. As another example, Tucker alleges that the "Surveillance Operatives" were talking about Bob Tucker, Jack Blaker, and himself to "shoot us" if Tucker

returned to the barangay.[3] (*Id.* at PageID.10). He also says Jack Blaker is his friend. (*Id.* at PageID.12). He does not allege any harm done to him by Bob Tucker (or Bobbie Tucker) and Jack Blaker. Similarly, there is no mention in the complaint of defendants Teresa Amelia Espinoza, Benjamin Egron, Eugenio Lopez, Martin L. Lopez, John Frycek, and no allegation of wrongdoing by these defendants. There also appears to be no mention of defendant Defense Advanced Research Projects in the complaint, let alone an allegation that this entity violated some federal right. If there is no claim to relief asserted against Bobbie and similarly-situated defendants, then there is no subject matter over which this Court could have jurisdiction.

Plaintiff's claims against the individual, non-federal agency defendants lack a basis in law. To the extent he alleges wrongdoing against the individual defendants, plaintiff does not allege, nor appear to allege, that any of these defendants committed an unlawful act under color of law, i.e. that they were acting as state actors. Though the undersigned finds no citation to 42 U.S.C. § 1983 as the basis for bringing federal claims against the individual defendants, any such claims would need to be brought pursuant to § 1983 because § 1983 is a method for vindicating federal rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "A § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995) (internal quotation marks and citation omitted). *See also Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (To state a claim for relief under § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law."). A plaintiff may not proceed under § 1983 against a private party "no matter how discriminatory or wrongful" the party's conduct. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). Thus, the claims against the individual, non-agency defendants are completely devoid of merit.

**\*4** Finally, his claim against Meijer is frivolous because it lacks an arguable legal or factual basis. Tucker claims, in whole, that "Meijer refused to give my job back cause [sic] of either from [sic] Electronic Harassment or Adel had it set up

to help the surveillance operatives." (ECF No. 1, PageID.20). He does not allege the circumstances of his firing, or that Meijer, in firing him and refusing to rehire him, violated federal law, nor does he cite any legal basis for a claim against Meijer. The undersigned suggests that the frivolous nature of this claim rises to the level of lacking subject matter jurisdiction over the claim under *Apple, supra*.

## II. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the complaint be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## All Citations

Not Reported in Fed. Supp., 2020 WL 4006760

Footnotes

1    While *Abner* and *Neitzke* analyze whether a complaint is frivolous under the context of the screening process for *in forma pauperis* complaints prescribed in 28 U.S.C. § 1915(e)(2), and these screening procedures do not apply to fee-paid complaints, *see Apple,* 183 F.3d at 479, *Abner* and *Neitzke* do provide guidance on how the Sixth Circuit defines "frivolous."

2    Of course, Tucker did not cite the FTCA as the basis for his claims against the federal defendants.

3    "Barangay" is the native Filipino term for a village or district.

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.