# EXHIBIT #2

Case 2:25-cv-10524-SKD-APP ECF No. 51-2, PageID.404 Filed 12/23/25 Page 2 of 4

Tucker v. FBI Head Quarters, Not Reported in Fed. Supp. (2020)

2020 WL 2059866
Only the Westlaw citation is currently available.
United States District Court, E.D.
Michigan, Southern Division.

Christopher TUCKER, Plaintiff,
v.
FBI HEAD QUARTERS, Victoria Tucker,
Joseph Maguire, Meijer, Bobbie Tucker,
Buffy Jean Tucker, Michelle Tucker
Lansdell, Leo Radvinsky, Defense Advanced
Research Project Agency, Rick Strawcutter,
Jack Blaker, Edward Leszynski, John
Frycek, James M. Murray, Filipino Law,
Adel Sarmiento, Eugenio Lopez, III,
Martin L. Lopez, Benjamin Egron, and
Teresa Amelia Espinoza, Defendants.

Case Number 19-13626
|
Signed 04/29/2020

**Attorneys and Law Firms**

Christopher Tucker, Prescott, WI, pro se.

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING OBJECTIONS, AND DISMISSING THE COMPLAINT WITH PREJUDICE**

DAVID M. LAWSON, United States District Judge

 *1  On December 10, 2019, plaintiff Christopher Tucker, proceeding without counsel, filed his complaint in this matter. On December 30, 2019, the case was referred to the assigned magistrate judge for general pretrial management. The matter now is before the Court on a report issued by Magistrate Judge Michael J. Hluchaniuk in which he recommended that the Court dismiss the case *sua sponte* for want of subject matter jurisdiction. The plaintiff timely filed objections to the report and recommendation, and the matter now is before the Court for a fresh review.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, " '[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.' " *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The complaint, which spans 175 pages, is nearly incomprehensible. On the portion of the civil cover sheet devoted to the basis for jurisdiction, the plaintiff wrote the following, verbatim: "Constitutional rights, Libel, slander, federal tort injury, forced servitude, human trafficking, cyber crime, Civil Rights, Organized Crime, Violent Crime, Electronic Warfare (Harassment), Employment Discrimination. Distraction from my marriage, wife family wants me banned. no one help me with a original copy of my marriage license." Compl. at 7. In the space reserved for a "short and plain statement of the claim," the plaintiff wrote, in part in a nearly illegible scrawl, the following (verbatim, with errors as in the original): "Blinded in my right eye with a Directed Energy Weapon as well as Neural Weapon and Neural Networks, ELF. Job discrimination either caused by Neural Networks or by the company it's self. Gang Stalking & Commuinty Mobbing caused by Devices and some done out of pleasure. [Illegible] used the box on me. BOX = SACRIFICE." *Id.* at 8. The remainder of the more than 170 pages of pleadings consist of verbose, discursive rantings along several generalized and obviously imaginary themes, which the magistrate judge summarized in his report as follows:

Case 2:25-cv-10524-SKD-APP ECF No. 51-2, PageID.405 Filed 12/23/25 Page 3 of 4

Tucker v. FBI Head Quarters, Not Reported in Fed. Supp. (2020)

**\*2** The overall theme of Tucker's complaint is that the "Surveillance Operatives," which he defines as the "Deep State" and/or "Shadow Government," have been working to "hypnotize" and/or brainwash him and his wife through "electronic warfare" and "neural weapons." He alleges various plots or conspiracies related to the "Surveillance Operatives" against members of the United States government, [including] that defendant Filipino Law "took part of a soft coupe [sic] against Donald J. Trump," among other allegations. He contacted the Federal Bureau of Investigation (FBI), the Secret Service, and other federal law enforcement agencies to investigate the use of neural weapons and the hacking of his Facebook page, but no agency would investigate. He has sued members of a Filipino television station for their involvement in sending "neural" messages through their programming and sued his past employer, Meijer, for refusing to give him his job back. He also believes some of the individual defendants, at least defendant Rick Strawcutter, have been assisting the "Surveillance Operatives." He alleges various other plots and conspiracy theories connecting the United States government, the "Surveillance Operatives," and the individual defendants.

Report & Recommendation, ECF No. 6, PageID.207-08. The magistrate judge, after reviewing the pleadings in their entirety, was unable to discern any recognizable federal cause of action. He also concluded that, to the extent the complaint could be construed as framing claims for failure to investigate or prosecute various crimes, such claims would have no basis in the law and the Court lacked jurisdiction to entertain them.

The Court has reviewed the complaint and agrees with the magistrate judge that the complaint must be dismissed for want of subject matter jurisdiction, because it fails to plead plausibly any facts suggesting the existence of a cognizable case or controversy under federal laws or statutes, or any other recognized body of law. The complaint also must be dismissed because it fails to plead any claim for which relief can be granted under any recognized legal theory. *See* Fed. R. Civ. P. 12(b)(6).

As the magistrate judge noted, the plaintiff paid the required filing fee when he tendered his pleadings to the Clerk of Court. The complaint therefore is not subject to routine preliminary screening by the Court under the authority of 28 U.S.C. § 1915(e), which applies only in cases where a plaintiff is granted leave to proceed *in forma pauperis*. However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted). "A complaint is frivolous when it lacks an arguable basis either in fact or in law," and it "lacks an arguable or rational basis in fact if it describes fantastic or delusional scenarios." *Abner v. SBC Ameritech*, 86 Fed. Appx. 958 (6th Cir. 2004) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)) (quotation marks omitted). But *sua sponte* dismissal on this basis "is appropriate in only the rarest of circumstances where ... the complaint is deemed totally implausible." *Apple*, 183 F.3d at 480; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] [federal] court may dismiss a claim as factually frivolous ... if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.") (citations omitted). This case falls within those rarest of circumstances.

It is well settled that "*[p]ro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), and "the allegations of [a] *pro se* complaint, [are held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But notwithstanding the liberal reading of the pleadings, a complaint still is insufficient to frame a plausible cause of action where it is based on nothing more than speculation or imagination. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. P. 8(a)(2)).

**\*3** Here, the Court is not even able to identify from the pleadings any possibility of a lawful claim for relief, and the Court is not obligated to entertain a civil action grounded only in the plaintiff's imagination. *See Dekoven v. Bell*, 140 F. Supp. 2d 748, 763 (E.D. Mich.), *aff'd*, 22 F. App'x 496 (6th Cir. 2001). After reviewing the record, the Court finds that "[i]t is clear that this Court is not the forum that can provide [the plaintiff] with the type of assistance [he] truly needs," and his "allegations are simply based on some paranoid or delusional fantasy and unsupported imaginings that [the]

Tucker v. FBI Head Quarters, Not Reported in Fed. Supp. (2020)

Case 2:25-cv-10524-SKD-APP ECF No. 51-2, PageID.406 Filed 12/23/25 Page 4 of 4

[d]efendants and various ... state and federal officials [and other unnamed persons and entities, either real or imaginary] are engaged in an elaborate and massive criminal conspiracy to torture and torment [him]." *Marshall v. Stengel*, No. 10-159, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010); *see also Teddy-Lawrence v. Mellos*, No. 11-10980, 2012 WL 3731707, at *1 (E.D. Mich. Aug. 28, 2012), *aff'd*, No. 12-2192 (6th Cir. Feb. 11, 2013) ("[T]he complaint itself [is] an agglomeration of incomprehensible claims littered with extraneous detail and argumentative statements, punctuated with buzzwords and gibberish [and] the pleading violate[s] all the basic precepts of Federal Rule of Civil Procedure 8 and fail[s] to state an intelligible claim.").

The plaintiff's "objections" to the report and recommendation lend no more coherent substance to the case than the pleadings. They consist largely of passages from various federal and state statutes, with no developed argument explaining their relevance to any claims, and extended passages evidently culled from scholarly articles on topics such as the effect of radiation on human physiology. The remainder of the objections merely reiterate and elaborate on the disjointed surreal narrative that makes up most of the body of the pleadings. Nowhere in the objections does the plaintiff present any coherent, developed argument identifying any legal error in the magistrate judge's conclusions. "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings that [the objector] believe[s] [are] in error" are insufficient. *Ibid.* The plaintiff's "objections" to the report comprise no more perceptible legal or factual basis than the complaint itself, and the plaintiff therefore has not presented any cognizable legal obstacle to adoption of the recommendation for dismissal.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 6) is **ADOPTED**, the plaintiff's objections (ECF No. 7) are **OVERRULED**, and the complaint is **DISMISSED WITH PREJUDICE**.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 2059866

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.