# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

ISAAC ANTHONY THOMAS,

        Plaintiff,                                 Case No. 25-10524
                                                 Judge Susan K. DeClercq

vs.                                              Mag. Judge Anthony P. Patti

WHALEY CHILDREN'S CENTER;
MINDY WILLIAMS (Whaley CEO);
DANTE JENNINGS; GENESEE COUNTY;
SHERIFF CHRIS SWANSON, in his individual
and official capacity; UNDERSHERIFF MICHAEL
TOCARCHICK, in his individual and official capacity;
LAKESIDE FOR CHILDREN d/b/a LAKESIDE
ACADEMY; LAKESIDE ACADEMY; SEQUEL
YOUTH SERVICES OF MICHIGAN, LLC; SEQUEL
TSI HOLDINGS, LLC; SEQUEL YOUTH AND
FAMILY SERVICES, LLC; SEQUEL ACADEMY
HOLDINGS, LLC; SEQUEL YOUTH SERVICES, LLC;
JOHN DOES "1-4"; and MICHIGAN DEPARTMENT
OF HEALTH AND HUMAN SERVICES,

        Defendants.

---

| | |
|---|---|
| STEVEN A. METCALF II | JOSEPH P. SULLIVAN (P38076) |
| Attorney for Plaintiff | ZACHARY G. STILLMAN (P87670) |
| **Metcalf & Metcalf, P.C.** | Attorneys for Defendants Whaley, Williams |
| 99 Park Ave, Ste. 810 | & Jennings |
| New York, NY 10016 | **Litchfield Cavo LLP** |
| (646) 253-0514 | 303 West Madison, Ste. 300 |
| metcalflawnyc@gmail.com | Chicago, IL 60606 |
| | (312) 781-6677 |
| MICHAEL W. EDMUNDS (P55748) | sullivanj@litchfieldcavo.com |
| Attorney for Defendants Genesee County, | stillman@litchfieldcavo.com |
| Swanson, and Tocarchick | |
| **Gault Davison, PC** | |
| 8305 S. Saginaw, Ste. 8 | |
| Grand Blanc, MI 48439 | |
| (810) 234-3633 | |
| medmunds@gaultdavison.com | |

---

**WHALEY DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S UNTIMELY AND OVERLENGTH RESPONSE, OR,
IN THE ALTERNATIVE, FOR LEAVE TO FILE A MERITS REPLY**

Defendants, Whaley Children's Center ("Whaley"), Mindy Williams ("Williams"), and Dante Jennings ("Jennings") (collectively, "Defendants" or "Whaley Defendants"), by and through their undersigned counsel, for their Motion to Strike Plaintiff's Response to their Motion to Dismiss (ECF No. 49) as untimely and overlength, or, in the alternative, for Leave to File a Reply on the Merits, states as follows:

Defendants filed their Motion to Dismiss on November 13, 2025. (ECF No. 50). Under Eastern District of Michigan Local Rule 7.1(e)(2)(A)–(B), Plaintiff's response was due within twenty-one days, by December 4, 2025, after which Defendants would have been entitled to fourteen additional days to file a reply. Plaintiff filed no response by the deadline, sought no extension, and made no filing addressing the Motion. Affording Plaintiff the benefit of the doubt, Defendants waited beyond the response deadline before filing a reply on December 17, 2025, addressing Plaintiff's non-response and the resulting procedural posture.

Despite that sequence, Plaintiff thereafter filed an opposition on January 5, 2026—without seeking leave, without addressing the missed deadline, and in excess of the page limits imposed by Local Rule 7.1(d)(3)(A). Plaintiff's filing thus disregards both the governing briefing schedule and the Local Rules regulating motion practice, warranting the relief requested herein.

## ARGUMENT

**I.     PLAINTIFF'S RESPONSE SHOULD BE STRICKEN AS UNTIMELY UNDER L.R. 7.1(e)(2)**

Local Rule 7.1(e)(2)(A)–(B) provides that a response to a Motion to Dismiss must be filed within twenty-one days after service, after which the movant has fourteen days to reply. Defendants filed their Motion to Dismiss on November 13, 2025. (ECF No. 49) Plaintiff's response

was therefore due by December 4, 2025. Plaintiff filed nothing by that deadline, sought no extension, and made no appearance addressing the Motion.

After waiting beyond the response deadline, Defendants filed their reply on December 17, 2025, addressing Plaintiff's non-response and the resulting procedural posture. (ECF No. 50) It was not until January 5, 2026, over a month after his initial deadline for filing of his Response, that Plaintiff filed an his opposition to Whaley Defendants' Motion, without seeking leave, without explaining the missed deadline, without acknowledging Defendants' intervening reply, and without even communicating at all with undersigned counsel.

Courts in this District routinely hold that a party's failure to timely respond to a motion permits the Court to treat the motion as unopposed and the arguments therein as conceded. *See Fed. Nat'l Mortg. Ass'n v. River Houze, LLC*, 596 F. Supp. 3d 925, 932 (E.D. Mich. 2022); *Humphrey v. U.S. Att'y Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008).

Consistent with that principle, courts in this District have not hesitated to strike untimely responses where a party disregards briefing deadlines without explanation. *See, e.g.*, *Milligan v. Greektown Casino, L.L.C.*, Case No. 2:21-cv-12408, 2022 WL 838956 (E.D. Mich. Mar. 21, 2022) (striking untimely responses to motion to dismiss filed after the 21-day deadline and in violation of local rules); *Global Freight, Inc. v. Tremell*, 633 F. Supp. 3d 985 (E.D. Mich. 2022) (treating motion as unopposed where response was filed months late without explanation).

While courts retain discretion to consider late filings in appropriate circumstances, that discretion is typically exercised where the delay is minimal or where no prejudice results. *See, e.g.*, *Blackmon v. Lenawee County Health Department*, Case No. 22-10364, 2022 WL 4088073 (E.D. Mich. Sep. 6, 2022). Here, by contrast, Plaintiff's response was filed more than a month late, only after Defendants had already filed their reply, and without any attempt to seek leave or justify the

delay. That sequence disrupts the orderly briefing process established by the Local Rules and prejudices Defendants, who were deprived of any opportunity to address Plaintiff's merits arguments within the normal briefing framework. Under these circumstances, striking the untimely response is appropriate..

## II.    PLAINTIFF'S RESPONSE SHOULD ALSO BE STRICKEN AS OVERLENGTH IN VIOLATION OF L.R. 7.1(d)(3)(A)

Independent of its untimeliness, Plaintiff's response violates Local Rule 7.1(d)(3)(A), which limits a response brief to twenty-five pages, inclusive of footnotes and signatures. Plaintiff filed a thirty-page response.

Local Rule 7.1(d)(3)(A) further provides that "[a] person seeking to file a longer brief may apply ex parte in writing setting forth the reasons." Plaintiff did not file an ex parte application, did not request leave to exceed the page limit, and did not otherwise advise the Court that the filing exceeded the limitation imposed by the Local Rules.

Courts in this District have repeatedly enforced the page limitations set forth in Local Rule 7.1 by striking non-compliant briefs. *See, e.g., Krause v. Commissioner of Social Security*, Case No. 12-14890, 2013 WL 12123973 (E.D. Mich. Nov. 7, 2013) (striking overlength brief and emphasizing that the Local Rules are "rules," not "suggestions"); *Bell v. Michigan Department of Corrections*, Case No. 2:21-cv-11571, 2022 WL 21851462 (E.D. Mich. Sep. 2, 2022) (striking a response that exceeded the 25-page limit despite being timely filed); *Bryce v. Commissioner of Social Security*, Case No. 12-14618, 2013 WL 12123666 (E.D. Mich. Oct. 8, 2013) (striking a brief exceeding the page limit and noting that overlength briefs are the exception, not the rule); *Stolecki v. Commissioner of Social Security*, Case No. 15-10517, 2015 WL 4162521 (E.D. Mich. Jul. 9, 2015) (striking overlength brief for failure to comply with formatting and page-limit requirements).

These decisions reflect the well-settled principle that compliance with page limits is mandatory and that a party may not unilaterally enlarge its briefing in disregard of the Local Rules. As courts in this District have observed, permitting overlength briefs without leave undermines the purpose of the Rules and imposes an unnecessary burden on the Court.

Because Plaintiff failed to obtain leave in the manner expressly required by Local Rule 7.1(d)(3)(A), the response is procedurally improper and should be stricken on this basis alone.

## III. IN THE ALTERNATIVE, WHALEY DEFENDANTS SHOULD BE GRANTED LEAVE TO FILE A MERITS REPLY

If the Court elects not to strike Plaintiff's response in its entirety, Defendants respectfully request leave to file a formal merits reply in support of their Motion. Defendants' existing reply addressed only Plaintiff's failure to respond and the resulting procedural consequences. Plaintiff's January 5 filing constitutes the first merits opposition to the Motion to Dismiss and was filed after Defendants' reply as of right had already been submitted.

Under these circumstances, Whaley Defendants' request leave to file a merits reply only in the event the Court elects to consider Plaintiff's untimely and overlength response. Defendants' existing reply addressed solely Plaintiff's failure to respond and the resulting procedural posture, and Defendants have not had an opportunity to address Plaintiff's merits arguments within the briefing sequence contemplated by the Local Rules. Allowing a merits reply would permit the Court to consider the issues on a fully developed record without excusing or overlooking Plaintiff's procedural violations.

## CONCLUSION

Plaintiff failed to timely respond to Defendants' Motion to Dismiss as required by Local Rule 7.1(e)(2), and thereafter filed an opposition only after Defendants had already replied. Plaintiff's response was also filed in violation of Local Rule 7.1(d)(3)(A), exceeding the page limit

without seeking leave or submitting the ex parte application expressly required by the Rule. These violations disrupted the orderly briefing process and deprived Defendants of the opportunity to address Plaintiff's merits arguments within the framework established by the Local Rules.

Under these circumstances, Plaintiff's untimely and overlength response should be stricken. In the alternative, if the Court elects to consider Plaintiff's response, Defendants respectfully request leave to file a full merits reply to ensure that the Motion to Dismiss is decided on a complete and procedurally fair record.

WHEREFORE, Defendants Whaley Children's Center, Mindy Williams, and Dante Jennings ("Whaley Defendants"), respectfully request that this Court enter an order as follows:

1. Striking Plaintiff's January 5, 2026, Response to Whaley Defendants' Motion to Dismiss as untimely and overlength in violation of Local Rule 7.1(e) and (d); or

2. Alternatively, Granting Whaley Defendants leave to file a full merits reply addressing the points raised in Plaintiff's Response; and

3. Granting any such other and further relief as this Court deems just and proper.

Dated: January 5, 2026

*/s/ Zachary G. Stillman___*
Zachary G. Stillman
Attorney for Defendants Whaley, Williams, and Jennings

JOSEPH P. SULLIVAN (P38076)
ZACHARY G. STILLMAN (P87670)
Litchfield Cavo LLP
Attorney for Defendants Whaley, Williams, and Jennings
303 W. Madison Ste 300
Chicago, IL 60601
(847) 693-6839
sullivanj@litchfieldcavo.com
stillman@litchfieldcavo.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 5, 2026, I caused to be filed via the Court's electronic filing system the foregoing document, and that service will be accomplished on all

parties of record.

/s/ *Zachary G. Stillman*